Benerethia McGILL, Plaintiff-Appellee,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant-Appellant.

No. 1392, Docket 83–6040.

United States Court of Appeals, Second Circuit.

Argued June 1, 1983.

Decided July 7, 1983.

Ruben Nazario, Brooklyn, N.Y. (Brooklyn Legal Services Corp. B, John C. Gray, Jr., Jane Greengold Stevens, Brooklyn, N.Y., of counsel), for plaintiff-appellee.

Michael A. Mulqueen, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty., E.D.N.Y., Miles N. Tepper, Asst. U.S. Atty., E.D.N.Y., Brooklyn, N.Y., of counsel), for defendant-appellant.

Before KAUFMAN, PRATT and GIBSON,* Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

On this appeal, we confront the question of whether a social security claimant whose

---

* United States Court of Appeals for the Eighth    Circuit, sitting by designation.

case is remanded to the Secretary for the taking of additional evidence on her disability claim is entitled to an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Supp. V 1981) (EAJA). The district court awarded fees to plaintiff, finding that she was a prevailing party within the meaning of the EAJA and that the Secretary's position in opposing the remand was not substantially justified. Because we conclude that plaintiff has not yet prevailed on her claim on the merits, we reverse.

After the Secretary denied her application for social security benefits, plaintiff sought review in the district court pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Plaintiff and the Secretary cross-moved for judgment on the pleadings. After examining the administrative record, the district judge concluded that the administrative law judge (ALJ) had failed to fulfill his duty toward pro se claimants to " 'scrupulously and conscientiously probe into, inquire of, and explore all relevant facts' ", *Gold v. Secretary Health, Education and Welfare,* 463 F.2d 38, 43 (2d Cir.1972) (quoting *Henning v. Gardner,* 276 F.Supp. 622, 624–25 (N.D.Tex.1967)); *see Echevarria v. Secretary, Health and Human Services,* 685 F.2d 751, 755 (2d Cir.1982); *Hankerson v. Harris,* 636 F.2d 893, 895 (2d Cir.1980). Specifically, he found that the ALJ had failed to obtain additional medical records necessary to complete the medical evidence and had prevented plaintiff's lay witness from testifying. Accordingly, he remanded the case to the Secretary to remedy these defects.

After the remand plaintiff's counsel moved for an award of attorney's fees pursuant to the EAJA. The district judge found that the plaintiff, who had sought only a remand and not an award of benefits at the district court level, was a "prevailing party" within the meaning of the statute and that the Secretary's position was not "substantially justified". His award of $562.50 in attorney's fees precipitated this appeal.

■ At the outset, we note that the award of attorney's fees, although not a final order within the meaning of 28 U.S.C. § 1291, falls within the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and thus is appealable. Under *Cohen,* orders determining issues independent of the rights asserted in the action, and "separable from, and collateral to" those rights, are appealable under § 1291 before final judgment is entered. *Id.* at 546, 69 S.Ct. at 1225. In *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978), the Supreme Court noted that the order "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." (footnote omitted).

The order meets those requirements. In *Hastings v. Maine-Endwell Central School District,* 676 F.2d 893 (2d Cir.1982), we recognized that an award of attorney's fees is separate and independent from the cause of action on the merits, *id.* at 896; *see White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), although we held that the attorney's fee award there was not properly before us because, as an interim award for services, it was neither a final nor a conclusive determination of the disputed question (the availability of attorney's fees in a suit alleging claims under the Education for All Handicapped Children Act and 42 U.S.C. § 1983), and it would be reviewable on an appeal from the final judgment. *Hastings v. Maine-Endwell Central School District,* 676 F.2d at 896.

The award here, however, unlike that in *Hastings,* does conclusively determine the disputed issue (whether a social security claimant who obtains a remand to the Secretary for a new hearing has prevailed within the meaning of the EAJA) and may later prove to be unreviewable on appeal from a final judgment because, if plaintiff is awarded benefits at the administrative level or chooses not to seek review of a denial of benefits, there will be no further judicial proceedings on which to base a later

appeal. *Cf. Gold v. Weinberger,* 473 F.2d 1376, 1378 (5th Cir.1973) (court had appellate jurisdiction because district court's ruling that vocational expert had to meet personally with plaintiff would be unappealable at later date); *Cohen v. Perales,* 412 F.2d 44, 48 (5th Cir.1969), *rev'd on other grounds sub nom. Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (because district court's ruling that hearsay evidence was not substantial evidence would be virtually unreviewable after remand, order fell within *Cohen* doctrine). Accordingly, we conclude that we have jurisdiction to entertain this appeal.

■ We turn, then, to the merits. The EAJA, enacted by Congress in 1980 as Title II of Public Law 96–481, 94 Stat. 2325, authorizes both courts and federal agencies that conduct adversary adjudications to award attorney's fees to parties who prevail against the federal government, unless the government's position was "substantially justified" or there are special circumstances which make a fee award unjust. 28 U.S.C. § 2412(d)(1)(A) (judicial proceedings); 5 U.S.C. § 504(a)(1) (administrative proceedings). Briefly stated, the purpose of the statute was to lessen the likelihood that challenges to bureaucratic action would be deterred by the high cost of litigating against the government. Section 202(c)(1), Pub.L. No. 96–481, 94 Stat. 2325; H.R.Rep. No. 418, 96th Cong., 2d Sess. 9–10, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4988 (House Report). Although social security administrative proceedings, which are not adversary adjudications, are excluded from EAJA coverage, *id.* at 12, *reprinted in* 1980 U.S.Code Cong. & Ad.News at 4991, the statute has been found applicable to judicial review actions brought under the Social Security Act, *see, e.g., Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn. 1982); *Moholland v. Schweiker,* 546 F.Supp. 383 (D.N.H.1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982), and counsel for the Secretary conceded at oral argument that a plaintiff who is awarded disability benefits by the court would be eligible for attorney's fees under the EAJA, Tr. at 17.

■ Narrowly at issue on this appeal is whether plaintiff became a "prevailing party" when she obtained from the district court a remand to the Secretary to take further evidence. The Secretary argues that the award of fees to plaintiff was premature because obtaining benefits, not just a remand, is the object of a social security claimant's litigation. Plaintiff's counterargument, which the district court accepted, is that all she sought from the district court was a remand for additional evidence, and that on this she did prevail.

Congress intended that "the interpretation of the term [prevailing party] * * * be consistent with the law that has developed under existing [fee-shifting] statutes", and that a party need not necessarily litigate a case to final judgment to be "prevailing" within the meaning of the act:

[T]he phrase "prevailing party" should not be limited to a victor only after entry of a final judgment following a full trial on the merits. A party may be deemed prevailing if he obtains a favorable settlement of his case, *Foster v. Boorstin,* 561 F.2d 340 (D.C.Cir.1977); if the plaintiff has sought a voluntary dismissal of a groundless complaint, *Corcoran v. Columbia Broadcasting System, Inc.,* 121 F.2d 575 (9th Cir.1941); or even if he does not ultimately prevail on all issues, *Bradley v. School Board of the City of Richmond,* 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

In cases that are litigated to conclusion, a party may be deemed "prevailing" for purposes of a fee award in a civil action prior to the losing party having exhausted its final appeal. A fee award may thus be appropriate where the party has prevailed on an interim order which was central to the case, *Parker v. Matthews,* 411 F.Supp. 1059, 1064 (D.D.C.1976), or where an interlocutory appeal is "sufficiently significant and discrete to be treated as a separate unit", *Van Hoomis-*

*sen v. Xerox Corp.,* 503 F.2d 1131, 1133 (9th Cir.1974).

House Report at 11, *reprinted in* 1980 U.S. Code Cong. & Ad.News at 4990. This interpretation by the house committee is repeated in virtually identical language in the house conference report. H.R.Rep. No. 1434, 96th Cong., 2d Sess. 21–22, *reprinted in* 1980 U.S.Code Cong. & Ad.News 5003, 5010–011. Plaintiff argues that the legislative intent, particularly the statement in the house report that "[a] fee award may * * * be appropriate where an interlocutory appeal is 'sufficiently significant and discrete to be treated as a separate unit' ", directly supports the award of fees in this case.

However, an examination of the case law that has developed under other fee-shifting statutes demonstrates that a social security claimant whose case is remanded to the Secretary for further evidence is not a prevailing party. In *Hampton v. Hanrahan,* 600 F.2d 600 (7th Cir.1979), the Seventh Circuit had awarded attorney's fees to plaintiffs under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, finding that they were prevailing parties because they had succeeded in obtaining a reversal of the district court's directed verdict for defendants and a reversal of two of the district court's discovery rulings. *Id.* at 643–44. The Supreme Court reversed, holding that, while a person may be a prevailing party without having obtained a final judgment on the merits and that interim fee awards were contemplated by Congress, fee awards are appropriate only where "a party * * * has established his entitlement to some relief on the merits of his claims". *Hanrahan v. Hampton,* 446 U.S. 754, 756–57, 100 S.Ct. 1987, 1988–89, 64 L.Ed.2d 670 (1980) (per curiam). The court concluded that the plaintiffs had not yet prevailed on the merits of any of their claims, *id.* at 758, 100 S.Ct. at 1989, reasoning that

> [t]he jury may or may not decide some or all of the issues in favor of the respondents. If the jury should not do so on remand in these cases, it could not seri-

ously be contended that the respondents had prevailed.

*Id.* at 759, 100 S.Ct. at 1990.

Other courts addressing this issue have employed similar reasoning and required some success on the merits before awarding fees. *See, e.g., Grubbs v. Butz,* 548 F.2d 973, 975–76 (D.C.Cir.1976) (reversal of district court's ruling that plaintiff did not have to exhaust administrative remedies did not make her prevailing party entitled to attorney's fees); *Parker v. Matthews,* 411 F.Supp. 1059, 1064 (D.D.C.1976), *aff'd,* 561 F.2d 320 (D.C.Cir.1977) (where case is settled, court must determine whether party is successful with respect to a central issue in case); *see also Hensley v. Eckerhart,* —— U.S. ——, ——, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir. 1978)) ("plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the party sought in bringing suit").

Indeed, in a number of social security cases decided since the EAJA was enacted, attorney's fees have been awarded only where the court has determined that the plaintiff was entitled to an award of benefits. *Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn.1982); *Moholland v. Schweiker,* 546 F.Supp. 383 (D.N.H.1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y. 1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill.1982) (awarding fees); *Goodwin v. Secretary, Health and Human Services,* No. CV 82–1936 (E.D.N.Y. Mar. 4, 1983); *Roman v. Schweiker,* 559 F.Supp. 304 (E.D.N.Y.1983) (denying motions for fees as premature). *But see Vega v. Schweiker,* 558 F.Supp. 52 (S.D.N.Y. 1983); *MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y.1982) (awarding fees to plaintiffs whose cases were remanded for further proceedings).

Regardless of the wording of the complaint or the actual relief sought in the district court, generally speaking, a social security claimant prevails when it is deter-

mined that she is entitled to benefits. Unlike a plaintiff who files a lawsuit alleging violations of a procedural due process right and seeks compensation for that deprivation, *Carey v. Piphus,* 435 U.S. 247, 258, 98 S.Ct. 1042, 1049, 55 L.Ed.2d 252 (1978); *Muscare v. Quinn,* 614 F.2d 577, 578 (7th Cir.1980), the ultimate relief to which a social security claimant is normally entitled is not vindication of procedural rights but an award of benefits for a claimed disability. While it is true that a favorable ruling on plaintiff's procedural claim that the ALJ should have conducted a more thorough hearing may ultimately affect the outcome on the merits of plaintiff's disability claim, nevertheless, her procedural claim is not a matter on which plaintiff can be said to prevail for the purpose of shifting counsel fees. *See Hanrahan v. Hampton,* 446 U.S. at 759, 100 S.Ct. at 1990. Her grievance in district court related to events that were unique to her own case, rather than of general significance, and her success there did no more than move her one step closer to a final determination of the merits of her claim.

The district court made no finding with respect to whether plaintiff is disabled. The additional medical records and testimony by plaintiff's lay witness on the remand, rather than establishing plaintiff's disability, may show that she is capable of performing her former work or some other occupation. If that is the case, plaintiff would have received the fee award herein for a claim where "it could not seriously be contended that the [plaintiff] had prevailed." *Hanrahan v. Hampton,* 446 U.S. at 759, 100 S.Ct. at 1990.

*MacDonald v. Schweiker,* 553 F.Supp. 536 (E.D.N.Y.1982), on which plaintiff relies, is readily distinguishable. MacDonald's case was remanded for further administrative action after the court found that, contrary to the Secretary's contention, plaintiff had followed the Secretary's instructions to the letter in attempting to perfect her administrative appeal by telephone. While the court noted that "an award of fees would be inappropriate in the ordinary situation involving a remand" for the taking of more

evidence or more specific findings, 553 F.Supp. at 539, it found that a fee award was appropriate in MacDonald's case because the significant issue was the validity of plaintiff's notice of appeal, and, as a result of the order of remand, the Secretary was clarifying the notice sent to unsuccessful social security claimants advising them of the methods they may use to appeal a denial of benefits. Thus, although plaintiff had not yet prevailed on her claim for benefits, she had "prevailed on an issue important not only to her case but to those of many other social security claimants." *Id.* at 540. Her suit had served as a catalyst in clarifying the Secretary's procedures, *see Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421, 429 (8th Cir.1970) (plaintiff, although not successful on his individual claim of discrimination, entitled to fees because suit acted as catalyst in employer's taking action to end discriminatory practices), and accordingly she was awarded fees.

*MacDonald* was a narrow ruling on an exceptional set of circumstances. The Secretary had urged in the district court an administrative appeal requirement that was clearly at odds with the notice routinely being sent to claimants, and MacDonald's lawsuit served to correct that discrepancy. Plaintiff's case here is different in that she has prevailed only in the limited sense that the remand for additional evidence gives her a further opportunity to pursue her own claim before the Secretary. She will not become a prevailing party unless and until she is awarded benefits, at which time her application for appropriate attorney's fees may again be considered.

Accordingly, the district court's order awarding plaintiff attorney's fees at this time under the EAJA is reversed.