**Jose R. ZAYAS, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. 80 Civ. 3403 (KTD).**

United States District Court, S.D. New York.

April 26, 1984.

James W. Dabney, New York City, for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Jordan Stanzler, Asst. U.S. Atty., New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Jose R. Zayas, moves to compel compliance with my August 8, 1983 Memorandum and Order requiring the calculation and payment of social security disability payments, and to hold defendant in contempt for its non-compliance. In addition, he seeks an award of attorney's fees. For the reasons that follow, plaintiff's motion is granted in part, and denied in part. Familiarity with my prior decisions in this case is assumed. *See Zayas v. Heckler*, 577 F.Supp. 121 (S.D.N.Y.1983); *Zayas v. Heckler*, No. 80–3403 (S.D.N.Y. September 1, 1981).

This four year old case has had a long and tortuous history for the claimant. Upon the initial denial of benefits in April 1980 by the Secretary of Health and Human Services ("Secretary"), the present counsel for claimant was engaged and he filed an appeal. The Secretary at that time was forced to request a remand of the case to evaluate evidence that had not been considered. On remand, the Administrative Law Judge ("ALJ") found Zayas entitled to benefits. Nevertheless, in mid 1982, the Secretary rejected the ALJ's recommendation and denied Zayas benefits. A second appeal to this court followed.

By Memorandum and Order dated August 8, 1983, I reversed the Secretary and remanded "for the calculation and payment of benefits." 577 F.Supp. at 127. Pending the latter determination, I placed this case on the suspense calendar by order dated

August 18, 1983. By November 1983, plaintiff still had not received any benefits. His counsel, therefore, sent a letter to the Social Security Administration requesting immediate payment. This letter was routed by the Secretary to the United States' Attorneys' Office for the Southern District of New York. Again nothing occurred.

Finally on March 16, 1984, plaintiff filed the instant motion. Attached as Exhibit A to plaintiff's motion papers was a copy of my August 8, 1983 Memorandum and Order. According to the Assistant United States Attorney ("AUSA") in charge of this case, the latter was the first time he became aware of my August 8th decision. By April 9, 1984, defendant asserts that a check for Zayas' February and March 1984 benefits had been sent to him, and his earlier benefits due were being calculated on an expedited basis. *See* Letter dated April 6, 1984 by Assistant United States Attorney Stanzler.

The first two aspects of plaintiff's motion essentially have been mooted, and plaintiff does not press these points. Thus, there is no need for an order compelling compliance because plaintiff's benefits are being calculated and paid on an expedited basis. Furthermore, it is inappropriate to hold defendant in contempt for its unintentional noncompliance. The course of this noncompliance, however, is relevant to the third and disputed aspect of plaintiff's motion—attorney's fees.

Defendant states that it was not apprised of my August 8, 1983 Memorandum and Order until this motion. At the outset I note that the United States Attorney's Office, if not this particular assistant, was notified in August by someone in my chambers that I had rendered a decision in this case. I also note that the New York Law Journal cites all such signed decisions.

The AUSA states that he did receive a copy of my August 18, 1983 order placing this action on suspense. He states that at the time "I assumed the court had its own reasons to place the matter on suspense and I did not inquire further into its reason for doing so." Affidavit of AUSA Stanzler

at 3. I find this response somewhat curious; this was a then three-year old litigation with cross-motions for judgment pending for several months. The AUSA's failure to further inquire or determine the court's "reasons" in such circumstances seems to be an unusual response.

In late November 1983, the AUSA was referred a letter from plaintiff's counsel to the Social Security Administration. In that letter, plaintiff's counsel stated in part: "In August 1983 this action was remanded to your office for calculation and payment of benefits. To date, no action has been taken on this matter and Mr. Zayas's benefits continue to accrue." Plaintiff's Exhibit B, Attached to Dabney Affidavit In Support of Motion. The AUSA states that "in view of what I knew about the case at that time, the letter did not make sense to me." Affidavit of AUSA Stanzler at 3–4. Again, for some reason the AUSA made no further investigation. Yet, plaintiff's counsel's letter makes explicit reference to a remand of the action in August 1983.

Defendant states that had plaintiff attempted informally to resolve this matter it would have become aware of my August 8th decision and the instant motion would have been unnecessary. I draw the attention of counsel for defendant to the November 1983 letter, and suggest closer perusal.

A prevailing party is entitled to attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), unless the government establishes that its actions were "substantially justified." *See* H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 13, *reprinted in* [1980] U.S.Code Cong. & Ad.News 4953, 4984, 4992; *see also McGill v. Secretary*, 712 F.2d 28, 30 (2d Cir.1983). Defendant's nonfeasance, even if unintentional, would still entitle plaintiff to an award of attorney's fees for the period after August 8, 1983, because it was without any justification.

In addition, I find that an award of attorney's fees is appropriate for the time prior to my August 1983 Memorandum and Order because the government's position

was not substantially justified. The test of substantial justification is essentially one of "reasonableness," *see Dougherty v. Lehman*, 711 F.2d 555, 563 (3d Cir.1983), or whether "the government can show that its case had a reasonable basis in law and in fact ...." S.Rep. No. 96–253, 96th Cong., 1st Sess. 6 (1979).

The body of my August 8, 1983 decision demonstrates the government's lack of substantial justification in this case. In part I noted that the ALJ's finding of disability was overturned by the Secretary only by the latter's rejection of the ALJ's credibility determination concerning live testimony, and by its decision to ignore an uncontradicted treating physician's conclusions. These glaring errors warranted a reversal and the facts necessitated a finding of disability. They also demonstrate a lack of substantial justification in defendant's subsequent litigation posture. *See Boudin v. Thomas*, 732 F.2d 1107 at 1115–16 (2d Cir.1984).

 Plaintiff, however, is not entitled to reimbursement for fees incurred at the nonadversarial administrative level. *See McGill v. Secretary*, 712 F.2d at 30–31. Defendant also argues that plaintiff cannot recover fees for the time spent in obtaining the first remand in September 1981, because he was not at that time a "prevailing party." Although plaintiff originally could not have recovered attorney's fees for this time spent, *see McGill v. Secretary*, 712 F.2d at 30–31, the fact that he ultimately prevailed on the merits makes these hours recoverable. The initial remand was one step in plaintiff's eventually successful procurement of disability benefits. As such, plaintiff is entitled to fees for all his counsel's time expended in obtaining judicial relief.[1]

Therefore, subtracting fourteen hours for the time attributable to plaintiff's counsel's work at the administrative level from the total hours expended results in an award of $11,100.00 (148 hours × $75.00 per hour). Accordingly, plaintiff's motion is granted insofar as it seeks attorney's fees in the amount of $11,100.00. All other relief is denied. Plaintiff is ordered to settle judgment on five (5) days' notice within ten (10) days of the date of this decision.

SO ORDERED.

---

1. Defendant frivolously asserts that this motion was untimely. The statute provides that a request for attorney's fees must be made "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). Defendant itself admits that

there has been no final judgment in this case. Such a final judgment was not made until benefits were finally calculated. The prudence of this procedural method is demonstrated by the instant case.