**Harold CHILDRESS**

v.

**Margaret M. HECKLER, etc.**

**Civ. A. No. 83–272.**

United States District Court,
E.D. Louisiana.

Aug. 20, 1985.

Kim A. Barkan, New Orleans, La., for plaintiff; Barkan & Neff Co., L.P.A., Columbus, Ohio, of counsel.

W. Glenn Burns, Asst. U.S. Atty., New Orleans, La., for defendants.

OPINION

ARCENEAUX, District Judge.

This matter comes before the Court on plaintiff's objections to the Magistrate's recommendation denying attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).

In 1979, plaintiff applied for disability benefits under the Social Security Act (Tr. 50). After denials on the initial application and on reconsideration, on March 14, 1980, the Administrative Law Judge decided in favor of plaintiff finding September 13, 1978 to be the date of disability (Tr. 135, 136). On July 15, 1981, plaintiff's benefits were terminated based on a review of his file which indicated he could return to work in July 1981 (Tr. 137). On April 23, 1982, the Administrative Law Judge found plaintiff was still disabled and reinstated his benefits (Tr. 13-16). The Office of Disability Operations requested review by the Appeals Council (Tr. 176) and on November 15, 1982, the Appeals Council found plaintiff's disability ended effective October 31, 1981. Plaintiff filed suit for judicial review in the District Court on January 20, 1983. Plaintiff moved for summary judgment that the Secretary's determination of no disability was not supported by substantial evidence primarily because plaintiff had disabling pain corroborated by objective findings. The Secretary filed a cross motion that its decision was supported by substantial evidence.

On March 12, 1984, the Magistrate issued his findings and recommendation. The Magistrate denied the cross motion but found the council's conclusion that the claimant's pain did not preclude him for performing sedentary work activity was not supported by substantial evidence in the record and remanded for further proceedings. This Court entered judgment in accordance with the recommendation on May 17, 1984.

On September 12, 1984, the Administrative Law Judge awarded benefits to plaintiff and on January 8, 1985, the Appeals Council adopted that decision.

Plaintiff then filed his motion for attorney's fees under the EAJA. The Magistrate denied the motion reasoning: 1) attorney's fees are not awardable following an order to remand because plaintiff has not yet "prevailed," *McGill v. Secretary of Health and Human Services*, 712 F.2d 28 (2d Cir.1983) *cert. denied* —— U.S. ——, 104

S.Ct. 1420, 79 L.Ed.2d 745 (1984); and 2) the award of benefits at the agency level is not the required final judicial action, *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir. 1983).

The EAJA provides in part:

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any court ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the Court an application for fees and other expenses ...

■ Attorney's fees are awardable under the EAJA for judicial review of decisions of the Secretary under the Social Security Act but not for proceedings at the agency level. *Clifton v. Heckler*, 755 F.2d 1138, 1142 (5th Cir.1985). Plaintiff seeks attorney's fees attributable only to the proceedings in the District Court.

"Prevailing party" is not defined in the act but the legislative history indicates the interpretation is the same as that developed by jurisprudence under existing fee shifting statutes. *U.S. v. 329.73 Acres, Grenada and Yalobusha Counties*, 704 F.2d 800, 808 (5th Cir.1983). The term is not limited to parties who obtain a final judgment.

[T]he phrase "prevailing party" should not be limited to a victory only after entry of a final judgment following a full trial on the merits. A party may be deemed prevailing if he obtains a favorable settlement of his case, *Foster v. Boorstein*, 561 F.2d 340 (D.C.Cir.1977); if the plaintiff has sought a voluntary dismissal of a groundless complaint, *Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575 (9th Cir.1941); or even if he does not ultimately prevail on all issues, *Bradley v. School Board of the City of Richmond*, 416 U.S. 696 [94 S.Ct. 2006, 40 L.Ed.2d 476] (1974).

In cases that are litigated to conclusion, a party may be deemed "prevailing" for purposes of a fee award in a civil action prior to the losing party having exhausted its final appeal. A fee award may thus be appropriate where the party has prevailed on an interim order which was central to the case, *Parker v. Matthews*, 411 F.Supp. 1059, 1064 (D.D.C.1976) or where an interlocutory appeal is "sufficiently significant and discrete to be treated as a separate unit", *Van Hoomissen v. Xerox Corp.*, 503 F.2d 1131, 1133 (9th Cir.1974).

House Report at 11 reprinted in 1980 U.S. Code Cong. & Ad.News 4953, at 4990; *McGill* 712 F.2d at 30, *U.S. v. 329.73 Acres*, 704 F.2d 800. *See also Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (a favorable final judgment after a full trial is not necessary to be "prevailing" and fees pendente lite are awardable, but success on some important issue is a prerequisite); *Brown v. Culpepper*, 559 F.2d 274 (5th Cir.1977) (a party is "prevailing" even where the litigation is settled by voluntary agreement).

 A plaintiff who obtains only an order of remand for further evidence has not succeeded on the merits so as to be a prevailing party entitled to fees. *McGill*, 712 F.2d 28, 31. The instant case is distinguishable from *McGill* because plaintiff has been awarded benefits at the agency level and clearly is a prevailing party. Further, *McGill* seems to approve an award under the circumstances of this case. In holding the remand order alone did not entitle the plaintiff to fees the Court noted, "[s]he will not become a prevailing party unless and until she is awarded benefits, at which time her application for appropriate attorney's fees may again be considered." *McGill*, 712 F.2d 32. In a similar fact situation, *Guthrie*, 718 F.2d 104, the appellate court refused to award fees because the Secretary had not filed the transcript and findings and the District Court had not entered a final judgment as required by 42 U.S.C. § 405(g), but the Court indicated the plaintiff could reapply for fees after this was done. On remand the District Court

awarded fees, *Guthrie v. Heckler*, 587 F.Supp. 1471 (M.D.N.C.1984).

 The Court elects not to follow the principal holding of *Guthrie* 718 F.2d 104, that a final judgment must be entered before fees are awarded believing this to be inconsistent with the legislatively approved definition of prevailing party discussed above.

Because of his finding, the Magistrate did not determine whether the Secretary's position was substantially justified or that there were special circumstances making an award unjust. The Court remands this matter for further findings and recommendation.

IT IS SO ORDERED.