Thomas O'GRADY, Plaintiff,

v.

Margaret HECKLER, Secretary of the United States Department of Health and Human Services, Defendant.

No. CV 78–2558.

United States District Court, E.D. New York.

March 13, 1986.

Scheine, Fusco & Brandenstein by Victor Fusco, New York City, for plaintiff.

Raymond J. Dearie, U.S. Atty. by Susan M. Rogers, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In 1978 Thomas O'Grady appealed to this Court for review of a determination by the Secretary of Health and Human Services (Secretary) terminating his disability benefits. 42 U.S.C. § 405(g). The Secretary stipulated to remand the claim for further consideration in 1979, and the Appeals Council vacated the decision to terminate benefits. A supplemental hearing was held before an ALJ in 1981. The ALJ found plaintiff disabled, but the Appeals Council

reversed the finding and determined plaintiff was capable of performing sedentary work. This became the final decision of the Secretary and plaintiff renewed his appeal to this Court.

The Court reversed the Secretary's determination and reinstated Mr. O'Grady's disability benefits. *O'Grady v. Heckler,* 588 F.Supp. 850 (E.D.N.Y.1984). The Court did not base the reversal on the medical improvement standard, which was endorsed by the Second Circuit Court of Appeals less than a week before the decision in this case. Rather, the Court determined that there was no substantial evidence on the record to support a finding that the plaintiff could perform sedentary work.

## I.

■ Plaintiff now seeks an award of attorney's fees pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412(d). A prevailing party is entitled to recover attorney's fees from the government where the government fails to show that its position in litigation before the Court was substantially justified. *McGill v. Secretary of Health and Human Services,* 712 F.2d 28, 30 (2d Cir.1983). The test is whether the government's position was reasonable in both fact and law. *Zimmerman v. Schweiker,* 575 F.Supp. 1436, 1441 (E.D.N.Y.1983). In this case the Court concluded that the Secretary's determination was "not supported by even a scintilla of evidence." *O'Grady v. Heckler,* 588 F.Supp. at 855. The Court found nothing in the record that indicated that plaintiff could sit for more than an hour. Moreover, the Court concluded that the Secretary had egregiously miscast the opinion of one of the doctors and the vocational expert in an effort to construct some support for terminating benefits. The Secretary's position was not reasonable in fact and, therefore, not substantially justified.

■ Despite the fact that plaintiff was a prevailing party and the government's position was not substantially justified, fees cannot be awarded under the EAJA for work performed at the administrative level.

*McGill v. Secretary,* 712 F.2d at 30. Moreover, unless there is contemporaneous documentation of work performed before this Court, no fees will be awarded under the EAJA for work performed before June 15, 1983. *New York State Association for Retarded Children v. Carey,* 711 F.2d 1136, 1147 (2d Cir.1983).

## II.

■ It is the Secretary's contention that no EAJA fees should be awarded above the 25% of past-due benefits limit of 42 U.S.C. § 406(b)(1). Thus the Secretary asks the Court to await calculation of past-due benefits and use the § 406(b)(1) limit for awards under the EAJA.

A plaintiff must apply for EAJA fees within thirty days of entry of judgment in an action. 28 U.S.C. § 2412(d)(1)(B). Counsel's application for an award of fees from past-due benefits under 42 U.S.C. § 406(b)(1) must await calculation of past-due benefits. In the interest of economy and consistency it is the practice of this Court to await filing of both applications before considering the award of fees, that is, if both types of applications are filed.

Nevertheless, the Court rejects the Secretary's ongoing effort to impose the limits of § 406(b)(1) on the amount awarded under the EAJA. The contention that EAJA fees must be capped at 25% of plaintiff's past-due benefits is without merit. *Watford v. Heckler,* 765 F.2d 1562 (11th Cir. 1985); *Soto-Valentin v. Heckler,* 619 F.Supp. 627 (E.D.N.Y.1985). This Court declines to link the two laws and in effect double the strictures on EAJA fee awards. The two provisions were enacted separately and have independent existences. They award fees from different sources and for different purposes. In particular, the EAJA penalizes the government for taking an unreasonable position in litigation before a federal court. Recently, the Secretary's unreasonable, intransigent, and nonacquiescent stance on disability cases has frustated the courts and made them more willing to award fees under the EAJA.

The provisions of 42 U.S.C. § 406 are intended to encourage private attorneys to represent disability benefit applicants with meritorious cases by guaranteeing that part of the benefits recovered will be reserved for payment of legal fees. At the same time, the 25% limit on fee awards preserves for the claimant most of the benefits of successful litigation. An award of fees under the EAJA requires a determination that the government's litigation position lacked a sound basis. The logical implication is that the plaintiff was required to pursue an unnecessary proceeding in order to secure benefits. The government should not be allowed to invoke claimant's § 406(b)(1) protections to lessen its liability for causing a claimant extra effort. The Court will not limit an EAJA fee award to 25% of past-due benefits under 42 U.S.C. § 406(b)(1).

### III.

Plaintiff requests EAJA fees for 39¼ hours of work performed before the Court. Plaintiff also requests EAJA fees for 10¾ hours of work at the administrative level during the pendency of the appeal before this Court.

Plaintiff does not submit contemporaneous work records, consequently the Court cannot award EAJA fees for work performed in this case after June 15, 1983. *Carey,* 711 F.2d at 1147. Nor can the Court award fees for 10¾ hours work performed at the administrative level. *McGill v. Secretary,* 712 F.2d at 30. The Court calculates that of the 39¼ hours, counsel performed 22.91 hours of work before June 15, 1983. The government is correct, however, in its assertion that .91 of this time was at the administrative level (Nov. 15, 1979 and Nov. 30, 1979). Accordingly, the Court determines that plaintiff is entitled to a fee award under the EAJA for 22 hours of work. In view of the increased cost of living, the prolonged and procedurally complex nature of this case, and counsel's exceptional skill and the rate of inflation, an increased hourly rate of $88.50 is reasonable. The Court awards a total of $1,947.00 in fees and $126.00 in costs compensable under the EAJA.

### IV.

█ Counsel also applies for fees under 42 U.S.C. § 406(b)(1). Proceedings in this case have been prolonged, and past-due benefits amount to over $100,000.00. Plaintiff apparently signed a 25% contingency fee agreement. Counsel, however, limits his request under § 406(b) to $10,000.00. Assuming this represents the 39¼ hours of work performed before this Court, it amounts to about $250.00 an hour. This is not reasonable. The Court has made it clear that it will not enforce contingency fee agreements in awarding fees under § 406(b)(1). *Penny v. Heckler,* 623 F.Supp. 1240 (E.D.N.Y.1986). Nor will the Court award duplicate fees under the EAJA and § 406(b)(1).

There remains 17½ hours of work performed after June 15, 1983 and therefore not compensated under the EAJA for lack of contemporaneous records. Of that, ⁵⁄₁₂ of an hour represents work performed at the administrative level (Jan. 1, 1984 and May 25, 1984). The Court cannot award fees for this work under § 406(b)(1). *Burgo v. Harris,* 527 F.Supp. 1157 (E.D.N.Y. 1981). Accordingly, the Court awards fees pursuant to 42 U.S.C. § 406(b)(1) for 17⅙ hours of work. Again, counsel's skill and expertise in the field merits a fee of $125.00 an hour, for a total of $2,145.43.

Counsel will not seek to collect fees above the amounts awarded under the EAJA and § 406(b)(1) for work before this Court. Of course, counsel can apply to the Secretary for fees for work performed at the administrative level, 42 U.S.C. § 406(a).

### V.

The Clerk of the Court is directed to enter an award of attorney's fees in the amount of $1,947.00 and costs in the amount of $126.00 under the EAJA, 28 U.S.C. § 2412(a) and (d)(1)(A). The Clerk is further directed to enter an award of attorney's fees in the amount of $2,145.43 from

past-due benefits under 42 U.S.C. § 406(b)(1).

SO ORDERED.