**Kenneth McBRIDE, Plaintiff,**

**v.**

**Otis R. BOWEN, Secretary of the United States Department of Health and Human Services, Defendant.**

**No. CIV–85–1189T.**

United States District Court, W.D. New York.

Dec. 20, 1988.

Monroe County Legal Assistance Corp. (Keith J. McCafferty, of counsel), Geneva, N.Y., for plaintiff.

U.S. Attorney's Office (Charles M. Pilato, of counsel), Rochester, N.Y., for defendant.

## DECISION AND ORDER

TELESCA, District Judge.

## INTRODUCTION

Plaintiff, Kenneth McBride, commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of the Secretary denying plaintiff's application for disability benefits. By Order dated Decem-

ber 11, 1986, I remanded this action to the Secretary for further proceedings. Subsequently, the matter was dismissed pursuant to Stipulation and Order dated May 18, 1988. Mr. McBride's counsel, on behalf of the Monroe County Legal Assistance Corporation, Legal Assistance of the Finger Lakes ("MCLAC") now seeks an award of costs and fees in accordance with the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for work performed both before this Court and at the administrative level following remand in the sum of $2,992.50. The Government contests only that part of the requested fee intended to compensate plaintiff's counsel for work performed at the administrative level after remand. For the reasons that follow, the motion for costs and fees under the EAJA, is granted in the total amount sought by plaintiff's counsel.

## FACTS

Mr. McBride filed the complaint in this action on September 25, 1985, requesting judicial review of the final decision of the Secretary dismissing his application for disability insurance benefits. Plaintiff and defendant each filed motions for summary judgment, however, after considering all of the materials before me, I concluded that the medical evidence in the record was insufficient as to Mr. McBride's disability because of the Secretary's failure to produce a vocational expert. Thus, I remanded the case to the Secretary for a further evidentiary hearing during which the Administrative Law Judge ("ALJ") would consider the testimony of a vocational expert as well as any available new medical evidence presented by the parties.

After the administrative hearing, the ALJ concluded that Mr. McBride was entitled to disability insurance benefits under the Social Security Act commencing January 4, 1983. Ultimately, the Appeals Council adopted the ALJ's recommendation which made it the final decision of the Secretary. The parties then stipulated to dismiss this action which was ordered by this Court on May 18, 1988.

Before me are affidavits from two attorneys who performed work for Mr. McBride in pursuit of his claim. C. Kenneth Perri, Esq. has submitted an affidavit showing that he spent 4.0 hours on this case. Keith J. McCafferty, Esq. has submitted an affidavit showing that he spent 25.1 hours on the action before this Court prior to my order remanding the case to the Secretary for additional proceedings. His affidavit further shows that he spent 10.0 hours at the administrative level following the remand order. After receiving the favorable decision of the Secretary on remand, Attorney McCafferty expended 0.8 hours on this case. Both counsel request compensation at the rate of $75.00 per hour. The Government opposes the present motion only as to the 10.0 hours of work Mr. McCafferty performed at the administrative level after remand.

## DISCUSSION

The Equal Access to Justice Act, 28 U.S.C. § 2412, provides in part that a prevailing party may recover costs and fees incurred "in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States ..." 28 U.S.C. § 2412(d)(1)(A). Thus, for the hours spent in pursuing the action before this Court, the EAJA allows a prevailing party to recover its costs and attorney's fees provided that that party makes a proper application within thirty days of the final judgment and the position of the Government in the primary action was not substantially justified. If the Government's position was not substantially justified, the prevailing party is able to recover "all reasonable attorney's fees, including those incurred on the fee application." *Trichilo v. Secretary*, 823 F.2d 702, 708 (2d Cir.1987). The test of whether the position of the Government is substantially justified is one of reasonableness. *See, Pierce v. Underwood*, — U.S. —, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *Cohen v. Bowen*, 837 F.2d 582, 586 (2d Cir.1988). Because following remand and presentation of additional evidence, the Secretary concluded that Mr. McBride was entitled to disability insurance benefits, the

position of the Government in defending the initial denial of those benefits was not reasonable and, thus, not substantially justified. Since counsel has fully complied with the requirements of the EAJA and the position of the Government was not substantially justified, fees and costs are properly awarded in this case for work performed before this Court.

■ Whether the EAJA permits allowance of attorney's fee awards for work performed at the administrative level following an order remanding the action to the Secretary is an issue of first impression in this Circuit. The Government maintains that fees are not available under the EAJA for work performed at the administrative level under any circumstances. However, plaintiff contends that an award of fees should be allowed under the EAJA in this case because the work performed at the administrative level was done pursuant to a judicial order remanding the case for additional proceedings. In support of this position, plaintiff's counsel directed my attention to a recent decision from the Eleventh Circuit Court of Appeals holding that attorney's fees are available under the EAJA for administrative level work performed following an order remanding the case to the Secretary. *Hudson v. Secretary,* 839 F.2d 1453 (11th Cir.), *reh'g. denied,* 849 F.2d 1480 (11th Cir.1988), *cert. granted,* —— U.S. ——, 109 S.Ct. 527, 102 L.Ed.2d 559 (1988). Careful consideration of the Eleventh Circuit's rationale as expressed in the *Hudson* decision as well as the reasoning embodied in subsequent cases persuades me that, here, plaintiff's counsel is entitled to attorney's fees under the EAJA for the work performed at the administrative level resulting from the order remanding the action to the Secretary for further proceedings.

The EAJA, as enacted in 1980, allows for payment of attorney's fees and costs in "adversary adjudications". Adversary adjudications are defined in 5 U.S.C. § 504(b)(1)(C)(i) as "adjudication[s] ... in which the position of the United States is represented by counsel or otherwise ...". The legislative history of the 1985 exten-sion of an amendment to the EAJA provides an indication of the intended coverage of the Act. Congress, interpreting the definition of "adversary adjudication" stated:

> While this language generally excludes Social Security administrative hearings from the Act, Congress made clear in 1980 that if the agency does take a position at some point in the adjudication, the adjudication would then become adversarial, and thus be subject to the Act ... while, generally, Social Security administrative hearings remain outside the scope of this statute, those in which the Secretary is represented are covered by the Act.

H.R. No. 120, 99th Cong., 1st Sess. 10 (Part I) (footnote omitted), *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138. This language can fairly be read to imply Congress' intent that fees incurred in proceedings after a judicial order remanding the action for further administrative proceedings be included within the EAJA's scope of coverage. The legislative history indicates that when the agency assumes a position in the adjudication, the adjudication takes on an adversarial nature. There is no language from which to conclude that Congress believed that the adversarial character of the action dissipated upon issuance of an order remanding the case for further proceedings. The Eleventh Circuit interpreted the above-quoted language to mean that "the critical determination" in considering whether work is compensable under the EAJA "is whether the Secretary has staked out a position." *Hudson, supra,* 839 F.2d at 1460. The *Hudson* court concluded that once the Secretary has committed himself to a position the case becomes adversarial and his election to be unrepresented by counsel on remand does nothing to change the adversarial quality of the proceeding. *Id.*

Eight months later the Eleventh Circuit limited the application of its holding in *Hudson. Reeves v. Bowen,* 860 F.2d 1009 (11th Cir.1988). In *Reeves,* the Court of Appeals affirmed the district court's refusal to award fees under the EAJA for work performed at the administrative level following remand when the ground upon

which benefits were ultimately awarded was never presented by plaintiff during the initial administrative hearing. A similar analysis resulted in the denial of an application for fees under the EAJA for work performed at the administrative level following remand in *Busser v. Bowen*, No. 87–1149 (E.D.Pa. June 2, 1988) (available on WESTLAW, 1988 W.L. 58937). In *Busser*, the Court held that following remand counsel's time was primarily spent gathering new evidence in support of his client's claim, which is not considered time before the Court and, thus, is not compensable under the EAJA.

Recently, the United States District Court for the District of Connecticut found an award of fees under the EAJA for work at the administrative level after remand appropriate based on *Hudson*. *Mayeda v. Bowen*, Civ. No. H–86–114 (AHN) (D.Conn. filed August 22, 1988). In that case, United States District Judge Alan H. Nevas fully adopted the Report and Recommendation of Magistrate Joan Margolis concluding that the fees sought for administrative level work in that case were properly awarded. The Magistrate's conclusion was premised upon the Secretary's continued active advocacy of his position despite an earlier decision holding directly and clearly to the contrary.[1]

In opposition to the present motion, the Government contends that *Hudson* is an abberation, at best, and that this Court should follow the holdings of courts which have found fees for work performed at the administrative level to be prohibited under the EAJA. *McGill v. Secretary*, 712 F.2d 28 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984); *Cornella v. Schweiker*, 728 F.2d 978 (8th Cir.1984); *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983); *Berman v. Schweiker*, 713 F.2d 1290 (7th Cir.1983).

In *McGill*, the Second Circuit held that a Social Security claimant whose case is remanded to the Secretary for further proceedings is not a prevailing party within the meaning of the EAJA. The Court's reasoning was that although the claimant had achieved some degree of success in securing an order remanding the case for further proceedings, this was merely a procedural victory and not an ultimately successful resolution of the underlying complaint. At the conclusion of its opinion, the Court noted that if, upon remand, plaintiff is awarded benefits, he then becomes a prevailing party and an application for attorney's fees may be considered at that time. *McGill, supra,* 712 F.2d at 32. This holding was expressly adopted by the Third Circuit in *Brown v. Secretary*, 747 F.2d 878 (3d Cir.1984). Neither *McGill* nor *Brown* are dispositive of the issue before this Court, however, because in the instant case Mr. McBride has proceeded through the additional administrative proceedings to the point where he was ultimately victorious in securing a favorable judgment.

In *Cornella v. Schweiker, supra,* the Eighth Circuit Court of Appeals concluded that attorney's fees for work performed at the administrative level following a judicial remand are not permitted under the EAJA. In part, the Eighth Circuit relied upon the holdings in *Guthrie v. Schweiker, supra,* and *Berman v. Schweiker, supra,* neither of which arose from a factual basis similar to the present claim, rendering their holdings inapplicable to the case at hand. I respectfully decline to follow the holding in *Cornella* because that case was decided prior to the 1985 extension of the EAJA.[2] The Eighth Circuit did not have the advantage of considering that intervening extension and the legislative history thereof.

In addition to the caselaw, equitable considerations dictate that under certain limited circumstances fees should be permitted

---

**1.** Plaintiff's counsel in the pending motion urges that the *Mayeda* decision signifies a judicial trend to grant fees under the EAJA for work performed at the administrative level following remand. My analysis of the language in *Mayeda* leads me to conclude that the fees awarded there were more in the nature of a sanction

under the auspices of the *Hudson* decision rather than a clear adoption of the rationale set forth by the Eleventh Circuit.

**2.** The *Cornella* decision was similarly distinguished by the Eleventh Circuit in *Hudson*.

pursuant to the EAJA for work performed at the administrative level following a remand order. Here, Mr. McBride was denied disability benefits due in large part to the Secretary's failure to obtain the testimony of a vocational expert at the first administrative hearing. This failure formed the basis for my decision to remand the action to the Secretary for further proceedings. Thereafter the testimony of a vocational expert was presented and ultimately Mr. McBride was awarded the benefits he sought initially. Had a complete record been made in the first instance, remand would not have been necessary. The fact that it was made necessary by the Secretary's failure to produce the testimony of a vocational expert is not the fault of the plaintiff and the burden of that fault should not be borne by Mr. McBride or his counsel. It was "the agency's error [that] forced plaintiff and [his] attorneys into this court, and their persistence resulted in correction of the error. Denial of fees to [his] attorneys for their services is inconsistent with the purposes of the Social Security Act and the EAJA." *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y.1982).

Moreover, I believe that this holding is in accord with the sentiment in this Circuit that a party should not be functionally precluded from challenging a Government action by the prohibitive expense of pursuing such litigation. *McGill v. Secretary, supra,* 712 F.2d at 30. While some courts have held that fees are not available under the EAJA for administrative level proceedings, they have based that conclusion on the ability of counsel to seek compensation under the provisions of the Social Security Act. *See, e.g., Bohn v. Heckler,* 613 F.Supp. 232, 234 (N.D.Ill.1985); *Correa v. Heckler,* 587 F.Supp. 1216, 1225 (S.D.N.Y. 1984). However, recently the Second Circuit held that a successful Social Security claimant may seek attorney's fees under the provisions of both the Social Security Act and the EAJA. *Wells v. Bowen,* 855 F.2d 37 (2d Cir.1988). In that case the Second Circuit held that the two statutes were intended "to work in conjunction" so as to permit full compensation of counsel without unduly burdening his client.

*Wells, supra,* 855 F.2d at 42. In a similar spirit, to avoid imposing a potentially insurmountable burden upon Mr. McBride, I conclude that plaintiff's counsel is entitled to an award of attorney's fees under the EAJA for work performed both before this Court and at the administrative level following my December 11, 1986 order remanding the action to the Secretary for further proceedings.

### CONCLUSION

I find that the requested compensation rate of $75.00 per hour is reasonable and statutorily permitted in this case. 28 U.S.C. § 2412(d)(2)(A)(ii). That figure when multiplied by the 29.9 hours expended in this case yield a sum of Two Thousand Nine Hundred Ninety-two and 50/100 Dollars, ($2,992.50). Therefore, for the reasons stated above, the Monroe County Legal Assistance Corporation, Legal Assistance of the Finger Lakes, is awarded attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the total sum of Two Thousand Nine Hundred Ninety-two and 50/100 Dollars, ($2,992.50). The Secretary is directed to send that amount directly to MCLAC.

ALL OF THE ABOVE IS SO ORDERED.