Grace CUOZZO, Plaintiff,

v.

**Louis M. SULLIVAN, M.D., Secretary of the Department of Health and Human Services, Defendant.**

No. 3:CV–90–1527.

United States District Court, M.D. Pennsylvania.

June 16, 1992.

John A. Bednarz, Jr., Wilkes–Barre, Pa., for plaintiff.

Robert J. DeSousa, Asst. U.S. Atty., U.S. Dept. of Justice, Lewisburg, Pa., for defendant.

## MEMORANDUM

McCLURE, District Judge.

### BACKGROUND

Nearly ten months ago this social security disability action, brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c), was before this court on cross-motions for summary judgment. Despite objection by the Secretary of Health and Human Services ("Secretary"), by Order dated August 23, 1991, this court adopted the magistrate judge's recommendation that the matter be remanded because it could not be determined whether the medical vocational guidelines ("grids") were applied to plaintiff's disability claim or what grids were applied or

should have been applied to the claim. More specifically, this court stated that inconsistencies and contradictions contained in the Administrative Law Judge's ("ALJ") decision rendered any review of whether the decision was based on substantial evidence improper at the time. On January 31, 1992, after a new hearing, plaintiff was awarded disability benefits.

On March 3, 1992, plaintiff filed a motion for approval of attorney's fees and reasonable expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, or alternatively for approval of attorney's fees pursuant to a contingent fee contract.

## EQUAL ACCESS TO JUSTICE ACT

The Equal Access to Justice Act ("EAJA") allows the court to award reasonable fees and expenses of attorneys to a prevailing party in any civil action brought by or against an agency of the United States provided the application for fees and expenses is submitted within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "Final judgment" arises when the government's right to appeal has expired. *Taylor v. United States*, 749 F.2d 171 (3d Cir.1984). When the United States is a party to a civil case, notice of appeal may be filed by any party within sixty days of the entry of judgment. Fed.R.App.P. 4(a)(1). Consequently, to be timely, an application for attorney fees and expenses under the EAJA must be filed within ninety days after the entry of judgment. Therefore, to ascertain whether the plaintiff's application is timely the court must first determine when final judgment was rendered in this case.

As noted above, on August 23, 1991, this court remanded the action to the Secretary due to deficiencies in the ALJ's decision which made it impossible for the court to determine whether the medical vocational grids were applied to plaintiff's disability claim or what grids were applied or should have been applied to the claim. The United States Supreme Court has held that there are *only* two types of remands in social security cases brought pursuant to § 405(g). *Melkonyan v. Sullivan*, 501

U.S. ——, ——, 111 S.Ct. 2157, 2164, 115 L.Ed.2d 78, 93 (1991).

> Under sentence four [of § 405(g)], a district court may remand in conjunction with a judgment affirming, modifying or reversing the Secretary's decision. Under sentence six [of § 405(g)], the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier.

*Id.* "Sentence six also authorizes the District Court to remand on motion by the Secretary made before the Secretary has filed a response in the action." *Id.* at —— n. 2, 111 S.Ct. at 2164 n. 2, 115 L.Ed.2d at 93 n. 2.

Only remands under sentence four are considered final judgments for purposes of the EAJA. *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). *Finkelstein* came to the Supreme Court after the district court sustained the Secretary's determination that the plaintiff did not suffer from an impairment that met or equaled a listed impairment, but concluded that the case must be remanded to the Secretary because the record was devoid of any findings regarding the plaintiff's inability to engage in any gainful activity even though her impairment was not equal to one of the listed impairments. The Supreme Court held that this remand constituted a judgment pursuant to sentence four of § 405(g). The Supreme Court concluded that the district court's action was essentially a judgment reversing the decision of the Secretary and remanding the case for a rehearing. *Id.* at ——, 112 S.Ct. at 2663, 110 L.Ed.2d at 573. In addition, the Supreme Court stated that "[t]he District Court's remand order was unquestionably a 'judgment', as it terminated the civil action challenging the Secretary's final determination that [plaintiff] was not entitled to benefits, [and] set aside that determination." *Id.* at ——, 112 S.Ct. at 2663–64, 110 L.Ed.2d at 573–74.

The remand in the instant case was strikingly similar to the remand at issue in *Finkelstein* in that it terminated the civil action and set aside the Secretary's determination that plaintiff was not entitled to benefits. Therefore, the final judgment in plaintiff's civil action was rendered on August 23, 1991, when this court set aside the Secretary's determination and remanded the case. Consequently, plaintiff's application for attorney's fees and expenses under the EAJA will be denied as untimely.

## CONTINGENT FEE AGREEMENT

■ In the alternative, plaintiff's counsel has requested an award of counsel fees based upon the contingent fee agreement entered into between plaintiff and her counsel. This would be inappropriate. The only avenue for recovering any type of contingent fee in a social security case is through 42 U.S.C. § 406(b)(1), which provides

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1). *See Watford v. Heckler,* 765 F.2d 1562 (11th Cir.1985) (the purpose of this section is to limit the size of contingent fees payable by a client while ensuring that an attorney receive some fees for his representation because Congress believed that contingent fee arrangements in social security cases often resulted in an inordinate deprivation of benefits otherwise payable to the client). Pursuant to this section, a court *may* approve an award of attorney fees up to twenty-five percent of plaintiff's past-due benefits. This award may be less than twenty-five percent, and is never made under the authority of a contingent fee agreement. *See O'Grady v. Heckler,* 629 F.Supp. 1186 (E.D.N.Y.1986) (court would not enforce 25% contingent fee agreement in awarding fees under § 406(b)(1)).

Accordingly, this court will treat counsel's request for a contingent fee as an application for fees under § 406(b). Counsel requests fees for both representation before this court and before the Secretary. However, the applicable regulations require that an attorney file with the Social Security Administration a request for approval of a fee for services performed before the Secretary. 20 C.F.R. §§ 404.-1725(a) and 416.1525(a) (1991). This requirement does not apply to fees incurred during representation in the same matter before the federal court. 20 C.F.R. §§ 404.1728(a) and 416.1528 (1991). Since plaintiff's counsel has not yet applied for a fee authorization for his representation before the Secretary as required by the regulations, 20 C.F.R. §§ 404.1720–.1725 and 416.1520–1525 (1991), this court can consider only the request for fees incurred in the civil action, and not for any fees or expenses incurred during the administrative process. *See Brown v. Sullivan,* 917 F.2d 189, 191 (5th Cir.1990) (district court did not abuse its discretion by refusing to consider time spent by counsel representing plaintiff before the agency).

The court, however, cannot determine the measure of any such award unless it is provided with the amount of plaintiff's past-due benefits. Therefore, the Secretary will be ordered to prepare an Award Certificate indicating the amount of plaintiff's past-due benefits, and plaintiff's counsel will be required to submit a request for fees incurred during his representation of plaintiff in federal court only.

## ORDER

For the reasons stated in the accompanying Memorandum, IT IS ORDERED THAT:

1. Plaintiff's motion (record document #24, filed March 3, 1992) for approval of attorney's fees is denied in part and granted in part.

2. The defendant shall, on or before June 30, 1992, submit to plaintiff's attorney an Award Certificate indicating the amount of past-due benefits to which the plaintiff is entitled.

3. Plaintiff's counsel shall, on or before July 13, 1992, file with the court a renewed motion for fees incurred during his representation of plaintiff in this civil action only, and attach a copy of the Award Certificate. The court will not consider any request for fees incurred for services and representation in agency proceedings.