Diane **BARSKY, Ada Barsky and Diane Barsky, Plaintiffs,**

v.

**Otis R. BOWEN, Secretary of the United States Department of Health and Human Services, Defendant.**

**No. 87 Civ. 8590 (WK).**

United States District Court, S.D. New York.

Oct. 7, 1988.

---

**2.** See note 1, *supra.*

Leona L. Barsky, New York City, for plaintiffs.

Rudolf Giuliani, U.S. Atty., S.D.N.Y., Kathleen Zebrowski, Sp. Asst. U.S. Atty., New York City, for defendant.

### MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Plaintiffs move pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, for an award of attorney's fees and costs incurred in appealing to this Court an adverse determination of the Secretary of Health and Human Services.

### FACTS

In July 1983, the Social Security Administration notified plaintiffs that they had been overpaid $1,197.70 in Social Security benefits. It did not specify the dates when the overpayments were allegedly made or offer any reason for its conclusion. After the claimed amount was withheld from their benefits checks, plaintiffs, through the Social Security Administration's procedures for administrative review, challenged the determination that they had been overpaid. In addition, plaintiffs made, over a period of six months, ten requests pursuant to the Freedom of Information Act ("FOIA"), seeking copies of the checks representing the claimed overpayments. The Social Security Administration failed to respond to these requests. Plaintiffs then wrote to the Administrative Law Judge ("ALJ") responsible for hearing their case, requesting the issuance of a subpoena for that information. The ALJ denied that request without explanation. Notwithstanding the Social Security Administration's failure to produce copies of checks documenting the claimed overpayments and the plaintiffs' statements at the subsequent administrative hearing that they did not receive overpayments, the ALJ affirmed the Social Security Administration's determination on October 11, 1984. In preparation for their final administrative appeal, plaintiffs made yet another FOIA request for copies of the checks showing the alleged overpayments. As with their previous ten requests, this request produced no response. On September 27, 1987, nearly three years after the ALJ's decision, the Appeals Council denied plaintiffs' request for review and informed plaintiffs that they should direct their requests for copies of the checks to the Northeast Program Service Center. On November 11, 1987, plaintiffs, as directed by the Appeals Council, wrote a letter to the Northeast Program Service Center seeking copies of the checks. Their letter remains unanswered.

Plaintiffs brought this action pursuant to 42 U.S.C. § 405(g), seeking this Court's review of the determination that they had been overpaid. In lieu of answering the complaint, defendant Secretary of Health and Human Services informed the Court in a letter from counsel dated May 11, 1988 that he "agreed to waive any overpayment" of Social Security benefits (Barsky Aff.Ex. E). On June 6, 1988, we signed a stipulation and order that provided that the Secretary would refund to plaintiffs the entire amount of the alleged overpayment.

### DISCUSSION

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), provides, in pertinent

part, that "a court shall award to a prevailing party other than the United States fees and other expenses ... unless the court finds that the position of the United States was substantially justified...." We find, in light of the Social Security Administration's repeated failure to produce copies of checks showing the alleged overpayments and the plaintiffs' protestations that they had not been overpaid, that the Secretary's position was not substantially justified.

The application for fees can be roughly divided into two parts: first, the work necessary to file the complaint which produced the settlement and, second, the work necessary for this application to obtain attorney's fees. As to the first, the attorney's work was performed in a highly professional manner and the hours seem wholly appropriate. Plaintiffs' attorney is to be congratulated for preparing an intelligent complaint in readily understandable English, which set forth her clients' position in such detail as to preclude the necessity of motion practice.

As to the second, we suggested at oral argument that there might be a question as to whether the Secretary justifiably sought to reduce the plaintiffs' demand and thus should not be responsible for the fees incurred in seeking attorney's fees and costs. However, it appears that the Second Circuit has considered and rejected this approach. *Trichilo v. Secretary of Health and Human Services* (2d Cir.1987) 823 F.2d 702. Thus, the Court there directs that we treat plaintiffs' application for fees incurred seeking fees "as part of the government's cost of taking positions that are not substantially justified." *Id.* at 707.

In light of that ruling, we see no alternative but to allow plaintiffs the fees requested. We cannot find that the attorney did more work than necessary to meet the objections raised by the Secretary. The Secretary raises the specter that this ruling will discourage future Secretaries from settling rather than opposing valid claims. Such a consideration, even if valid, would not seem to justify departing from the rule set forth in *Trichilo*. However, we do not think that the fear expressed is a realistic one. It seems to us that adherence to the *Trichilo* rule will encourage the Secretary to enter into informal discussions about attorney's fees and costs rather than meeting applications for such fees and costs with formal opposition.

### CONCLUSION

We award plaintiffs attorney's fees in the amount of $2,466.75 (24 hours and 55 minutes at $99.00 per hour) and costs in the amount of $277.10, a total of $2,593.85.

SO ORDERED.