Harry GREEN, Plaintiff–Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services,
Defendant–Appellee.

No. 825, Docket 88–6277.

United States Court of Appeals,
Second Circuit.

Argued March 15, 1989.

Decided June 9, 1989.

John S. Hogg, Hamilton, N.Y., for plaintiff-appellant.

Michael H. Noorigian, Supervisory Staff Atty. for the Regional Attys., U.S. Dept. of Health and Human Services, New York City (Frederick J. Scullin, Jr., U.S. Atty. N.D.N.Y., Syracuse, N.Y., Malcolm M.B. Sterrett, Gen. Counsel, Annette H. Blum, Chief Counsel, Region II, Richard Tunis, Asst. Regional Counsel, Region II, U.S. Dept. of Health and Human Services, New York City, of counsel), for defendant-appellee.

Before TIMBERS, MESKILL and NEWMAN, Circuit Judges.

MESKILL, Circuit Judge:

This is an appeal from an October 19, 1988 order of the United States District Court for the Northern District of New York, McAvoy, J., denying plaintiff Harry Green's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28

U.S.C. § 2412(d)(1)(A) (Supp. IV 1986) (EAJA).

We reverse the district court's decision and remand the case for further proceedings.

## BACKGROUND

Harry Green filed his initial claim for social security disability benefits on July 25, 1985 based on his inability to work following a back injury he sustained in 1979. That claim was denied on September 11, 1985 and Green was informed of his right, pursuant to 20 C.F.R. §§ 404.907–404.909 (1988), to file a written request for reconsideration of the decision within sixty days after notice of the decision was received. On November 14, 1985, just within the sixty day period, Green's attorney, John S. Hogg, contacted the Rome, New York office of the Social Security Administration (SSA) by telephone to advise that Green intended to request reconsideration of his claim. Hogg was told that a written notation of the timely telephone notice would be made, that written notice of Green's intent to request reconsideration should be filed with the Utica, New York office of the SSA and that the Utica office would be notified of the timely notice. Written notice of the request for reconsideration was not received by the Utica office until November 22, 1985, after the sixty day notice period had expired. In a letter dated November 22, 1985, the SSA requested an explanation of why the reconsideration request was filed beyond the sixty day period and also a formal designation that Hogg was in fact authorized to represent Green. Hogg contends that he provided the SSA with the requested information in a letter dated December 4, 1985, but that the SSA did not respond.

On December 9, 1985, Green visited the Rome, New York office of the SSA without Attorney Hogg. Green was told that his request for reconsideration had been denied because no good cause for the late filing had been shown, but that he could file another claim for benefits. Green then filed another claim, which also was denied.

All of these actions were taken without Hogg's knowledge.

On January 28, 1986, a representative of the Utica SSA office contacted Hogg, requesting prompt filing of the reconsideration disability report and medical release which had been forwarded to Hogg after the Utica office received the reconsideration request. The requested papers were filed with the SSA office on February 13, 1986.

On November 25, 1986, Hogg contacted the Rome, New York office of the SSA to find out when a decision on Green's request for reconsideration could be expected. It was at that time that Hogg was informed that on December 9, 1985 the SSA had denied Green's request for reconsideration, directed Green to file a new claim and denied that claim, all without Hogg's having been consulted.

On February 25, 1987, Hogg, on Green's behalf, commenced a mandamus action seeking to compel Otis R. Bowen, the Secretary of Health and Human Services of the United States (the Secretary) to proceed with the processing of his request for reconsideration of the denial of social security benefits. Green's petition also sought the recovery of the costs associated with his action. After the petition was filed in the mandamus action, SSA employees in the Utica office located the November 22, 1985 request for reconsideration and the forms designating Hogg as Green's attorney. The SSA then reopened Green's claim. The parties thereafter stipulated a dismissal of the mandamus action.

Green then filed a notice of motion dated May 11, 1987 indicating that he would be requesting fees under the EAJA. In the application for fees dated May 11, 1987, Green alleged that he was entitled to fees because he was a prevailing party and the Secretary's position was not substantially justified. The district court denied the motion on July 20, 1987. Green appealed and on April 20, 1988, we issued an order affirming the denial of the petition because there had not been a determination concerning his entitlement to benefits. Therefore, we held that Green was not yet a

"prevailing party" and that the application for attorney's fees was premature. On June 8, 1988, the SSA awarded Green the disability benefits he had been seeking. Green again filed a motion for attorney's fees under the EAJA. The district court denied the motion on October 19, 1988, based on its October 11, 1988 determination that "there was [no] civil action in which [Green] prevailed which had any successful review of a final determination of the agency in this case" and that Green was not a "prevailing party." Green appeals from that decision.

### DISCUSSION

The EAJA was enacted to decrease the chance that "certain individuals ... may be deterred from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights." *Smith by Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir.1989) (quoting H.R.Rep. No. 1418, 96th Cong., 2nd Sess. 5, *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984); *see also McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 30 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). To that end, the EAJA allows for the awarding of attorney's fees. Section 2412(d)(1)(A) of the EAJA provides, in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified.

■ We begin with an analysis of "prevailing party" under section 2412(d)(1)(A). Green contends that as a prevailing party, he is entitled to attorney's fees under the EAJA. The Secretary argues, and the district court concluded, that Green is not a prevailing party within the meaning of the

EAJA. The district court's conclusion was erroneous.

In *McGill*, we stated that "[r]egardless of the wording of the complaint or the actual relief sought in the district court, generally speaking, a social security claimant prevails when it is determined that [ ]he is entitled to benefits." *McGill*, 712 F.2d at 31–32. In the instant case, on June 8, 1988, the SSA determined that Green was entitled to the SSA benefits that he sought and awarded him those benefits. Thus, under our interpretation of "prevailing party" in *McGill*, there is little doubt but that Green was a prevailing party.

Despite this, the district court concluded that Green was not a prevailing party because "there was [no] civil action in which [Green] prevailed which had any successful review of a final determination of the agency in this case." We find nothing in the EAJA that requires that a party prevail in a civil action reviewing a final agency determination. There being no such requirement, this cannot be the basis for finding that Green was not a prevailing party.

In a case involving the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S. C. § 1988 (1982), the Supreme Court recently held that "[i]f the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing [the] suit,' " the plaintiff is entitled to an award of attorney's fees. *Texas State Teachers Ass'n v. Garland Independent School Dist.*, — U.S. —, —, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (in turn quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))). It is clear that Green has succeeded on a significant issue in litigation and has achieved some of the benefit he sought in bringing suit. *Id.* He has succeeded in his quest to receive his social security disability benefits.

Because Green satisfied the criterion for designation as a prevailing party, we reverse the district court's decision that Green was not a prevailing party within the meaning of the EAJA.

The second part of the section 2412(d)(1)(A) analysis concerns whether "the position of the United States was substantially justified." The district court did not reach this issue. We therefore remand the case for a determination of whether the Secretary was substantially justified in denying Green's request for reconsideration.

In interpreting whether a position was "substantially justified," courts are to apply a standard of reasonableness. *Pierce v. Underwood,* —— U.S. ——, ——, 108 S.Ct. 2541, 2544, 101 L.Ed.2d 490 (1988). The burden rests on the government to show that its position was reasonable. *Rosado v. Bowen,* 823 F.2d 40, 42 (2d Cir.1987); *Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir. 1983). If the district court determines that the initial decision to deny reconsideration was not substantially justified, then the court must next determine whether the filing of the mandamus action, for which Green now seeks EAJA fees, was a contributing factor in bringing about the reconsideration that ultimately resulted in an award of benefits. *Cf. Koppel v. Wien,* 743 F.2d 129 (2d Cir.1984).

If Green prevails on the issues of lack of substantial justification and causation, then the district court must award EAJA fees for time spent in initiating and pursuing the mandamus action as well as for time spent in seeking fees in the district court after the administrative award of benefits as well as in this Court on the current appeal. Green also seeks fees for time spent on the initial fee application in the district court, on the prior appeal to this Court, and on a petition for rehearing in connection with the prior appeal. These segments of time are not compensable. This is not a case like *Smith v. Bowen* where the claimant was entitled to EAJA fees for all subsequent litigation reasonably required to overcome an unjustified administrative denial of benefits. Here, the subsequent litigation consisted of a premature application for fees, filed before the claimant had become a prevailing party, and an unsuccessful appeal and petition for rehearing challenging that correct denial of

fees. Green contends that he was required to file the premature fee application because of the requirement of 28 U.S.C. § 2412(b) that a fee application must be filed within thirty days of final judgment. However, until Green became a prevailing party, he was not eligible for any EAJA fees and cannot be compensated for filing a premature fee application.

## CONCLUSION

Accordingly, we reverse the district court's determination that Green was not a prevailing party within the meaning of the EAJA and remand for further proceedings consistent with this opinion. Costs to the appellant.