Marjory ALTIERI, Petitioner,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Respondent.

No. 90 Civ. 0089 (RWS).

United States District Court, S.D. New York.

Jan. 9, 1991.

MFY Legal Services, Inc., New York City by (Wayne G. Hawley, James P. Barton, of counsel), for petitioner.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Linda A. Riffkin, Sp. Asst. U.S. Atty., of counsel), for respondent.

## OPINION

SWEET, District Judge.

This is a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff Marjory Altieri ("Altieri") brought the underlying action pursuant to sections 205(g) and 1631(c) of the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g) and 1383(c), seeking a reversal of the final decision of the Secretary of Health and Human Services (the "Secretary") or, in the alternative, an order remanding the action to the Ap-

peals Council in order to present oral argument on this case. The parties settled the underlying action on June 29, 1990, and this motion was submitted on August 9, 1990.

For the reasons set forth below, the motion is denied.

### The Parties

Altieri is a recipient of Social Security Income ("SSI") benefits. Defendant is the Secretary of the United States Department of Health and Human Services ("HHS").

### Background

Altieri became eligible for disability insurance and SSI benefits in June of 1975. SSA subsequently determined that as of December, 1982, Altieri was no longer disabled and terminated her benefits. On September 30, 1986, an Administrative Law Judge ("ALJ") issued a recommended decision in which he found that Altieri continued to be eligible for the SSI benefits previously terminated. On December 13, 1986, the Appeals Council adopted the ALJ's decision as modified, and Altieri resumed receiving monthly benefit checks.

On April 6, 1988, Altieri received a notice from SSA stating that SSA had overpaid her SSI benefits in the amount of $416.17. The notice stated that the alleged overpayment was the result of, among other things, Altieri's receipt of a retroactive benefits check in June of 1987, which made her ineligible for SSI benefits that month, and interest income that had not been taken into account properly when Altieri's benefits were calculated.

### Prior Proceedings

Altieri requested a reconsideration of the Notice of Overpayment. By a Notice of Reconsideration of May 5, 1988, SSA informed her that the amount of the overpayment was actually $2,007.25. Altieri then received a Notice of Important Information dated May 30, 1988, which stated that the amount of overpayment was $416.17 and would be recouped. Altieri then requested a hearing before an ALJ, and requested a waiver of the alleged overpayment of $416.17.

In a decision of December 30, 1988, the ALJ found that Altieri had been overpaid $2,649.25. The ALJ also refused to consider Altieri's request for a waiver of the alleged overpayment. Altieri requested review of the ALJ's decision by the Appeals Council, which the Appeals Council granted in September, 1989 along with a request to consider additional evidence. In its letter granting review, the Appeals Council stated,

The hearing decision contains no rationale for the conclusion reached nor a discussion of the relevant evidence as required by 20 CFR 416.1453.

Altieri then requested an appearance before the Appeals Council to present oral argument.

By final decision dated November 3, 1989, the Appeals Council denied Altieri's request to present oral argument, refused Altieri's continuing request for a waiver of the overpayment, and found an overpayment in the amount of $2,649.26.

On January 5, 1990, Altieri brought her action in this court under 42 U.S.C. §§ 405(g) and 1383(c).

After defaulting on a previously granted extension to answer or move, the Secretary on June 15, 1990 filed a second motion seeking an extension. On June 26, 1990, Altieri filed a cross motion for a default judgment. On June 27, 1990, the Secretary submitted the following declaration in support of his motion to extend the time for filing an answer to the complaint:

The Secretary has now agreed to remand the case for argument on essentially the same terms requested by plaintiff's counsel.

Oral argument on the motion was scheduled for June 29, 1990. However, on that date the parties agreed on a settlement, and entered into a stipulation that provided as follows:

(a) that the Appeals Council's finding that Altieri was overpaid in the amount of $2,649.25 was not developed in the record;

(b) that the correct amount of the alleged overpayment was $416.17;

(c) that Altieri would receive a refund of $2,233.08;

(d) that the case would be remanded to the District Office of the Social Security Administration for consideration of Altieri's waiver request;

(e) that the Secretary could continue to review the record to determine if Altieri received an overpayment of SSI benefits prior to June, 1987; and

(f) that Altieri could still file a request for the waiver of the $416.17 payment.

Altieri's attorney, James P. Barton, seeks attorney's fees of $4,046.24 based on a rate of $11.98 per hour.

*Discussion*

The EAJA provides, in pertinent part, that:

a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Therefore, in order to recover attorney's fees, the plaintiff must be the prevailing party, and the position of the United States in the case must not be "substantially justified."

■ The Second Circuit has held that a party who obtains a remand in a Social Security case is not a prevailing party for EAJA purposes. *Marziliano v. Heckler*, 728 F.2d 151, 155 (2d Cir.1984); *McGill v. Secretary of Health and Human Services*, 712 F.2d 28, 30–32 (2d Cir.1983), *cert. denied*, 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). On the other hand, a party who obtains a settlement may qualify for attorney's fees pursuant to EAJA. *Green v. Bowen*, 877 F.2d 204 (2d Cir.1989) (attorney's fees granted following stipulated dismissal of mandamus action to compel reconsideration of initial denial); *Ahrens v. Bowen*, 852 F.2d 49 (2d Cir.1988) (attorney's fees allowed where Secretary refunded in full benefits previously withheld on grounds of alleged overpayment); *Barsky v. Bowen*, 695 F.Supp. 757 (S.D.N.

Y.1988) (plaintiffs entitled to attorney's fees where Secretary had agreed to settlement waiving any overpayment); *Garcia v. Bowen*, 702 F.Supp. 409 (S.D.N.Y.1988) (attorney's fees allowed in denial of benefits case where Secretary agreed to remand solely for the determination of exact amount of benefits).

A factor to be considered in determining whether a particular outcome is a settlement or a remand is EAJA's "final judgment" requirement. EAJA requires a plaintiff to file a claim for attorney's fees within thirty days of "final judgment" in an action, which is defined as a judgment that is "final and appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G). *See Smith v. Sullivan,* 739 F.Supp. 812, 813 (S.D.N.Y.1990); *La Manna v. Secretary of Health and Human Services,* 651 F.Supp. 373, 375 (N.D. N.Y.1987).

 In order to be final, however, a judgment must determine completely a plaintiff's entitlement to benefits. *See Green v. Bowen*, 877 F.2d 204, 205 (2d Cir.1989). Here, $416.17 of the alleged amount of overpayment is still at issue. In addition, pursuant to the stipulation, the Secretary reserved the right to make a new initial decision regarding alleged overpayments received before June, 1987. More than half of the $2,007.25 originally in dispute is attributable to payments made before June 1987. Thus, despite the refund of part of Altieri's recoupment payments, the agreement reached between the parties is not a final settlement. Therefore, the agreement between the parties falls short of a final judgment for which fees can be awarded pursuant to EAJA in accordance with the Second Circuit's decisions in *Green*, and in *Ahrens v. Bowen*, 852 F.2d 49 (2d Cir.1988). In *Green*, the court awarded plaintiff attorney's fees pursuant to EAJA. The fees related to a mandamus action that had been dismissed upon stipulation of the parties only after SSA, in an administrative proceeding following remand, awarded plaintiff the disability benefits he had been seeking. The court had denied an earlier EAJA applica-

tion submitted before the outcome of the agency remand as premature. Similarly, in *Ahrens*, the Second Circuit granted attorney's fees pursuant to EAJA where there had been a settlement in which the Secretary had waived completely the right to recoup the alleged overpayments.

*Conclusion*

For the reasons set forth above, the application for attorney's fees is denied at this time, with leave to renew upon the final determination of Altieri's right to reimbursement of the recoupment payments.

It is so ordered.