Kenneth J. LONGEY, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

No. 2:91–CV–17.

United States District Court, D. Vermont.

Jan. 25, 1993.

Arthur P. Anderson, Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, for plaintiff.

Christopher B. Baril, Asst. U.S. Atty., Rutland, VT, for defendant.

## OPINION AND ORDER

PARKER, Chief Judge.

### I. BACKGROUND

In December, 1987, plaintiff, Kenneth Longey, filed an application for Supplemental Security Income (SSI) with the defendant, the Secretary of Health and Human Services (the Secretary). The defendant disapproved the initial application. Plaintiff sought administrative remedies, requesting first a reconsideration, which was denied, and then a hearing before an Administrative Law Judge (ALJ). A hearing

was held on November 30, 1989. By a decision dated April 30, 1990, the ALJ denied plaintiff's application after finding that he was not disabled within the meaning of the Social Security Act and therefore, not entitled to SSI. Plaintiff's subsequent request for review of the ALJ decision by the Appeals Council was denied and the ALJ's decision became the defendant's final decision.

On January 24, 1991, plaintiff filed a complaint in this Court seeking judicial review under section 405(g) of title 42 of the United States Code. Plaintiff asked that the Court reverse and set aside the defendant's final decision and compel the defendant to pay all SSI benefits due to him and his attorney's fees. On July 9, 1991, plaintiff moved for summary judgment. On that same date, defendant moved to enlarge the time he had to file his own motion for summary judgment, or a motion for remand. In the memorandum accompanying this motion, the Secretary noted that he was considering a motion for remand for further development of the record. (Paper 10 at 2) The motion for enlargement of time was granted. On July 29, 1991, defendant again moved for enlargement of time and shortly thereafter moved to remand the case to the Secretary for further consideration of plaintiff's non-exertional impairments and for taking additional evidence. Plaintiff did not object, and defendant's motion for remand was granted by Magistrate Judge Niedermeier on August 15, 1991. The Court's Order stated:

> The Secretary's unopposed motion for remand is granted and it is hereby ORDERED that the case be remanded to the Secretary for further consideration of plaintiff's nonexertional impairments and further development of the record, including psychiatric and psychological consultative examinations with psychological testing and medical assessment and for the evaluation and testimony from a vocational expert.

*Longey v. United States*, Civ. No. 91–17 (D.Vt. August 15, 1991) (Paper 16).

Following that order, and upon further review of the prior hearing testimony as well as that from a supplemental hearing with new evidence, the ALJ found in favor of the plaintiff. The ALJ decision was rendered on June 26, 1992, but by July 24, 1992, defendant had not yet filed with this Court the ALJ's additional and modified findings of fact and decision as is required by statute. 42 U.S.C. § 405(g) (1991). Plaintiff now moves this Court to affirm the recently modified ALJ decision and further, waives the requirement that the Secretary file a transcript of the additional record and testimony upon which the ALJ's decision was based. Plaintiff has also filed an application for attorney's fees under the Equal Access to Justice Act. 28 U.S.C. § 2412(d). Defendant has opposed plaintiff's motion for EAJA funds, but has not opposed the request for affirmance of the modified, post-remand ALJ decision.

## II. APPLICATION FOR EAJA FEES

The issue of whether plaintiff in this case is entitled to attorney's fees under EAJA provisions can only be decided after first resolving the issue of whether the remand order constituted a final judgment under EAJA. *See* 28 U.S.C. § 2412(d)(1) (fees available upon application by prevailing party within thirty (30) days of final judgment); *Melkonyan v. Sullivan*, —— U.S. ——, —— –——, 111 S.Ct. 2157, 2161–62, 115 L.Ed.2d 78 (1991); *Thibault v. Sullivan*, Civ. No. 90–300 (D.Vt. July 7, 1992). The defendant contends that the August 14, 1991, remand order in this case was a final judgment for purposes of EAJA fees and that plaintiff's application dated July 24, 1992, is untimely as it arrives well past the statutory thirty day filing period. *See* 28 U.S.C. § 2412(d)(1)(B). Not surprisingly, plaintiff argues that the remand order was interlocutory in nature and that his application is not barred until thirty days after this Court affirms, modifies, or reverses the Secretary's post-remand decision.

Resolution of the question of finality in cases involving section 405(g) remands hinges on a court's characterization of the nature of the remand, the ultimate issue being whether the order is a "sentence

four" or a "sentence six" remand.[1] In this case, that issue is easily resolved by reference to both the *Melkonyan* and *Thibault* decisions.

■ In *Melkonyan*, the Supreme Court thoroughly examined the distinctions between sentence four and sentence six remands. — U.S. at —– —–, 111 S.Ct. at 2163–64. In unequivocal language, the Court explained that there are only these two types of remand under section 405(g) and they are easily distinguishable. Sentence four remands are those which accompany a district court's judgment affirming, modifying, or reversing the Secretary's decision. These remands are part of a final judgment on the merits of the administrative decision. *Id.* at —–, 111 S.Ct. at 2164.

Sentence six remands, on the other hand, are not substantive rulings. Rather, they simply return the case to the Secretary, without a decision affirming, modifying or reversing the administrative decision. They are granted only upon motion of the Secretary for good cause prior to any answer to the plaintiff's complaint. New evidence may be considered in these remanded proceedings if good cause is shown for the failure to incorporate such evidence into the prior proceeding. Under this type of remand, the district court does not issue a final decision; instead the remand is considered interlocutory with the district court retaining jurisdiction over the case. *Id.* at —–, 111 S.Ct. at 2163.

In *Thibault*, this Court reviewed at length the *Melkonyan* opinion and its impact on determining prevailing party status in the context of sentence four remands. *Thibault v. Sullivan*, Civ. No. 90–300 (D.Vt. July 7, 1992) (Paper 20). On the issue of finality, this Court held that the remand in *Thibault* was a sentence four remand because it was a "decision on the merits, vacating the Secretary's order denying disability benefits and remanding for the Secretary to reconsider claimant's eligibility for benefits." *Id.* at 5. Unlike the case at bar, the remand in *Thibault* followed from the plaintiff's requested relief, not from a motion by the Secretary.[2] *See id.* at 3.

■ The remand under review in this case was proposed by the defendant for several reasons: for further consideration of the plaintiff's non-exertional impairments; further development of the record including consultative examinations; and for taking new testimony from a vocational expert. Although the remand order at issue here does not specify a finding of good cause relative to the taking of new evidence, the language and circumstances of the remand order conforms more closely to the sentence six mold than to that of a sentence four remand.[3] Clearly, there was

1. "Sentence four" remands are those ordered pursuant to sentence four in section 405(g), which states:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

"Sentence six" remands are those ordered pursuant to sentence six in section 405(g), which states:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and

after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both and shall file with the court any such additional record and testimony upon which his action in modifying or affirming was based.

*Id.*

2. In *Thibault* the prayer for relief included a remand for further proceedings. *Thibault,* Civ. No. 90–300 (Paper 20 at 3). In the case presently before the Court, the plaintiff requested a reversal of the administrative decision and an order compelling payment of SSI benefits. He did not request a remand. (Paper 4 at 2)

3. Sentence six of section 405(g) permits remands for taking new evidence only upon a finding of "good cause for failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). However, sentence six also allows remands for any good cause without taking additional evidence. *Mel-*

no entry of judgment affirming, modifying, or reversing the administrative decision, nor any language to suggest that this Court did not retain jurisdiction. Furthermore, this remand followed a motion made by the Secretary prior to his answer. In his memorandum accompanying his motion for remand, defendant took the position that the purpose of this remand was to further develop the record and take additional testimony to determine whether the law had been correctly applied in the initial proceeding.

■ Defendant argues that *Melkonyan's* limit on the forms a remand may take does not limit judicial remand under sentence four upon a motion by the Secretary where the hearing below was not fair, or where an ALJ failed to make specific findings or correctly apply the law. *See Melkonyan*, —— U.S. at ——, 111 S.Ct. at 2165. Be that as it may, to qualify as a sentence four remand for the reasons suggested by defendant here, *Melkonyan* makes absolutely clear that the remand must be ordered in conjunction with a judgment reversing the administrative decision. *Id.* No reversal was ordered in this case. What is also clear is that the very same reasons for remand under sentence four would constitute good cause under sentence six. Nothing in the *Melkonyan* discourse precludes such construction.

■ Furthermore, and perhaps more telling, is the fact that the defendant never answered the Complaint nor filed a copy of the transcript upon which a sentence four remand would be based. *See* 42 U.S.C. § 405(g). Section 405(g) requires the Court to enter substantive rulings and any accompanying remand under sentence four *"upon the pleadings and transcript of the record." Id.* (emphasis added). The Secretary bears the burden of filing a copy of the transcript of the record as part of his answer. *Id.* (sentence three). By implication then, the statute requires that the Court have before it the Secretary's answer, including the record transcript, before rendering any decision on the merits under sentence four. It is indisputable that the remand in this case preceded any responsive pleading by the defendant. It is also noteworthy that the defendant did not ask the Court to affirm, modify, or reverse the administrative decision when he requested a remand; the Secretary requested only that the Court remand for the purpose of more fully developing the record and taking new evidence. Presumably, the Secretary wanted to reassess the initial decision before answering and before final judgment by the Court. Otherwise, to obtain a remand under sentence four, he is constrained by statute to answer the Complaint and request a remand as part of his relief.

■ In sum, the circumstances surrounding the remand, the rationale argued in support of granting the remand, and the language of the remand order itself, belie any contention that it was a sentence four remand. Quite to the contrary, the remand order in this case conforms to the language and substance of sentence six.[4] As a remand pursuant to sentence six, the remand order in this case was not a final judgment for purposes of EAJA fees. Accordingly, as no final judgment on the post-remand decision has been entered yet in this case, plaintiff's application for EAJA fees is premature and cannot properly be considered by this Court at this time. To invoke the subject matter jurisdiction of this Court

konyan, —— U.S. at —— n. 2, 111 S.Ct. at 2164 n. 2. Thus, there are two types of sentence six remands: (1) remands for good cause which do not require additional evidence; and (2) remands for the purpose of taking new evidence, but only upon a showing of good cause. Both of these remands may be made only on a motion by the Secretary. 42 U.S.C. § 405(g). The remand in this case appears to involve both of the sentence six types. The Secretary requested the opportunity for further consideration and further development of the record as well as additional evidence. No challenge to the good cause showing for the taking of evidence has been made, and I shall assume for our purposes here that Magistrate Judge Niedermeier's Order was based upon a finding of good cause.

4. In addition, I note that since the remand was clearly not a sentence four remand, and there being only two types of remand possible under section 405(g), the remand in this case must have been a sentence six remand.

458

relative to EAJA fees, plaintiff must file his application within thirty days of the final judgment issued in this case.

### III. MOTION TO AFFIRM HHS DECISION

■ Having decided that the remand in this case was a sentence six remand, and not a final judgment for purposes of an EAJA application for fees, I now visit the issue of affirming, modifying or reversing the administrative post-remand decision dated June 26, 1992, pursuant to this Court's powers under 42 U.S.C. § 405(g). In plaintiff's unopposed motion to affirm the ALJ decision which found him disabled within the meaning of the Social Security Act and entitled to SSI benefits, he stated that he waived the statutory requirement that the Secretary file the additional record and testimony. I do not believe that this statutory requirement may be waived by either party. A substantive ruling by this Court should follow, as dictated by statute, from a fully developed record which has been filed with the Court. In accordance with sentence six, I order the Secretary to file forthwith his additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based so that this Court may enter final judgment and rule on plaintiff's application for EAJA fees.

### IV. CONCLUSION

Plaintiff's application for attorney's fees pursuant to 28 U.S.C. § 2412(d)(1) is hereby HELD IN ABEYANCE as prematurely filed. Plaintiff's motion to affirm the modified ALJ decision as defendant's final decision is also HELD IN ABEYANCE until defendant files his modified findings of fact and decision, and the transcript of the record from below with the Court. Defendant is hereby ORDERED to make such a filing within 14 days of receipt of this Order.