James **JOHNSON**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant.

No. 5:83CV08 (WWE).

United States District Court, D. Connecticut.

Aug. 23, 1999.

---

## RULING ON PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES

EGINTON, Senior District Judge.

In this action, plaintiff sought review of the denial of his disability insurance benefits by the Secretary of the Department of Health and Human Services. Pending before the Court are plaintiff's second motion for summary judgment, plaintiff's motion for attorney's fees pursuant to the Social Security Act, and plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").

### BACKGROUND

After the Secretary denied plaintiff's claims for disability insurance benefits, plaintiff sought this Court's review of the Secretary's determination. Accordingly, in 1984, this Court remanded the case to the Social Security Administration ("SSA").

On January 31, 1985, the Appeals Council vacated the denial of benefits and remanded the case to an administrative law judge for further proceedings and a recommended decision. On August 4, an administrative law judge issued a recommended decision that plaintiff was entitled to disability insurance benefits, which decision was adopted by the Appeals Council on October 24, 1986.

On April 27, 1990, SSA informed the plaintiff that the Appeals Council needed to rule on his work activity from 1981 through 1986. On July 10, 1990, SSA determined that plaintiff's disability ended in April, 1990, and therefore his entitlement to disability insurance benefits ended in June, 1990. Four days later, SSA informed the plaintiff that his benefits were suspended pending further proceedings.

On October 29, 1990, SSA issued a determination that (1) the plaintiff had performed services in at least nine months, (2) he was able to perform substantial gainful activity, and (3) his entitlement to disability insurance benefits had ended in June, 1990. SSA never held a hearing to review plaintiff's work activity and denied plaintiff's request for reconsideration of its determination.

Plaintiff then sought injunctive relief by way of mandamus from this Court. On November 8, 1990, this Court remanded the case to SSA, instructing that the Secretary determine the propriety of reconsidering evidence of plaintiff's work activity and posted earnings record.

The Appeals Council remanded the case for review by an administrative law judge. On November 18, 1991, an administrative law judge issued a recommended decision that the plaintiff's disability had ceased due to work activity. The Appeals Council reviewed that recommended decision and

issued another order of remand on March 1, 1993.

On April 28, 1993, a second administrative law judge reopened the Appeals Council decision of October 24, 1986, and found that the claimant's disability had ceased due to work activity. On June 15, 1993, the Appeals Council withheld a final decision and remanded the case to a third administrative law judge.

On March 24, 1994, an administrative law judge issued the recommended decision that the plaintiff continued to be entitled to disability insurance benefits except during three months when he had earned $300 per month. This recommended decision was adopted by the Appeals Council on November 3, 1994.

### ANALYSIS

#### A. Plaintiff's Second Motion for Summary Judgment

Plaintiff moved this Court to enter summary judgment on his behalf since the Secretary has issued a final administrative decision. Plaintiff asserts that this Court retained continuing jurisdiction following its remand to the administrative agency. Defendant claims that the Court's order of remand constituted a final judgment.

The Supreme Court set forth in *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) the exclusive methods by which district courts may remand to the Secretary. These are stated in sentences four and six of 42 U.S.C. Section 405(g).

Sentence four of Section 405(g) provides that:

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

Sentence six provides that:

> The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner, and it may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

█ In the present case, the court's ruling remanding the matter back to the agency does not specify whether the remand was made pursuant to sentence four or sentence six. However, the Secretary's motion for remand requested that plaintiff's case be remanded for further administrative proceedings. The remand order stated that "the Secretary shall determine the propriety of reconsidering evidence of plaintiff's work activity and earnings record from the date of the plaintiff's application for Disability Insurance Benefits up to the date of the Appeals Council's decision of October, 24, 1986." As defendant has pointed out, the government argued that the issue of a trial work period had never been previously adjudicated. Thus, the remand was made for the Secretary to take further action concerning the earnings information posted to plaintiff's social security number.

Furthermore, the administrative law judge's findings clearly hinged on the consideration of evidence not previously in the record. For example, several witnesses substantiated the plaintiff's claim that he had not been an employee of a certain company. Plaintiff was also able to demonstrate through evidence in the hearing that some posted earnings actually represented the earnings of his brother, who had worked under plaintiff's social security number during certain periods.

Therefore, the remand was made pursuant to sentence six of Section 406 for further proceedings and consideration of new evidence, and the Court intended to retain continuing jurisdiction. Since no disputed

issues of fact remain, plaintiff's second motion for summary judgment will be granted.

### B. Plaintiff's Motion for Attorney's Fees Pursuant to the Social Security Act

Plaintiff has moved for attorney's fees pursuant to the Social Security Act, which motion defendant does not oppose.

■ Pursuant to 42 U.S.C. Section 406(b)(1), a court may allow fees for representation before this Court provided that the amount does not exceed twenty-five percent of the claimant's past due benefits. The test for a district court reviewing a fee request is essentially one of reasonableness. *Wells v. Bowen,* 855 F.2d 37, 43 (2d Cir.1988).

In this instance, plaintiff has requested attorney's fees for 136.70 hours at $149.75 per hour for a total amount of $20,470.65, which is not more than twenty-five percent of the $82,116.48 that plaintiff received in past due benefits. Defendant has filed no objection to this request.

The Court has reviewed the time records and affidavit from plaintiff's counsel, and the Court has considered the (1) time, labor and skill required to perform the necessary legal services; (2) the difficulty of the legal issues involved; (3) the customary fee charged by plaintiff's counsel and the customary fee in this district; (4) the contingent nature of the fee; (5) the degree of success obtained; and (6) awards in similar cases. The Court finds that the requested attorney's fees are reasonable. Accordingly, plaintiff's motion for attorney's fees will be granted in the amount of $20,470.65.

### C. Plaintiff's Motion for Attorney's Fees Pursuant to the EAJA

Plaintiff has moved for attorney's fees in the amount of $17,364.30 pursuant to the EAJA. 28 U.S.C. § 2412. Defendant opposes that motion.

■ The EAJA provides for an award of attorney's fees to a prevailing party unless the court finds the position of the Secretary was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Courts apply a standard of reasonableness to determine whether a position was substantially justified. The burden rests on the government to show that its position was reasonable. *Green v. Bowen,* 877 F.2d 204, 207 (2d Cir.1989).

■ In this instance, the Secretary's termination of plaintiff's benefits was precipitated by earnings posted to his social security number indicating that he was no longer entitled to disability benefits as a matter of law. *See* 42 U.S.C. § 423(d); 20 C.F.R. § 404.1520(b).

However, the plaintiff's case implicated complicated factual issues. After a thorough review of the evidence, the administrative law judge reversed the Secretary's position that plaintiff was no longer entitled to benefits, but found that the cessation of plaintiff's benefit payments was warranted during three months when plaintiff had engaged in a substantial gainful activity. Therefore, the Secretary's position was substantially justified, and plaintiff's motion for attorney's fees pursuant to the EAJA will be denied.

### CONCLUSION

For the foregoing reasons, plaintiff's second motion for summary judgment [doc. # 27] is GRANTED. Plaintiff's motion for attorney's fees pursuant to the social security act [doc. # 28] is GRANTED in the amount of $20,470.65. Plaintiff's motion for attorney's fees pursuant to the EAJA [doc. # 30] is DENIED.