**SANTIAGO–AYBAR, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Civ. No. 05–1168 (PG).**

United States District Court, D. Puerto Rico.

April 15, 2008.

Raymond Rivera–Esteves, Juan A. Her-
nández–Rivera, Juan Hernandez Rivera &
Assoc., San Juan, PR, for Plaintiff.

Ginette L. Milanes, Katherine Gonzalez–Valentin, United States Attorney's Office, San Juan, PR, for Defendant.

### OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, District Judge.

Pending before the Court is Plaintiff William Santiago–Aybar's (hereafter "Plaintiff" or "Santiago–Aybar") Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff's attorney, Juan A. Hernández–Rivera, seeks EAJA fees in the amount of $3,094.36, based on 21.5 hours of attorney time at rates ranging between $77.75 and $162.50. Plaintiff's request stands unopposed.

For the reasons that follow, the Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 18) is **GRANTED.**

### I. BACKGROUND

Plaintiff filed this civil action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the defendant, the Commissioner of Social Security (hereafter "the Commissioner"), denying his application for entitlement to a period of disability and ensuing benefits. Santiago–Aybar requested in the complaint that judgment setting aside the determination of the Commissioner be entered and that he be awarded Social Security Disability benefits under the provisions of the Social Security Act. See Docket No. 2. On June 24, 2005, the case was referred to Magistrate Judge Camille L. Velez–Rivé. See Docket No. 7. In her Report and Recommendation ("R & R" or "Report"), the Magistrate Judge found that the Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for social security disability benefits was not supported by substantial evidence, and thus, recommended that the Commis-

sioner's decision be set aside and the case be remanded for further proceedings. See Docket No. 14.

The Court adopted the R & R, to which no objections were filed, and entered judgment in favor of Plaintiff against defendant, remanding the case for further proceedings consistent with the Report and Recommendation as adopted. See Dockets No. 16–17. The Court must note that although the remand order and final judgment entered on August 21, 2006 vacated the decision of the Commissioner and remanded the case for further action, the Court did not specifically state the statutory basis for remand. Thirty days thereafter, Plaintiff applied for an award of attorney fees pursuant to the EAJA. See Dockets No. 14, 16–17. The defendant failed to file an opposition to Plaintiff's.

### II. DISCUSSION

#### A. Standard for Costs and Fees under 28 U.S.C. § 2412

"In 1980, Congress passed the EAJA in response to its concern that persons may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights." *Sullivan v. Hudson,* 490 U.S. 877, 883, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). "The EAJA was designed to rectify this situation by providing for an award of a reasonable attorney's fee to a 'prevailing party' in a 'civil action' or 'adversary adjudication' unless the position taken by the United States in the proceeding at issue 'was substantially justified' or 'special circumstances make an award unjust.' " *Id.* (citing 28 U.S.C. § 2412(d)(1)(A)).

Therefore, before awarding attorney fees under the EAJA, a court must find that the plaintiff is a prevailing party, that the position of the Commissioner lacks

substantial justification, that special circumstances making an award unjust do not exist, and that the fee petition was filed within thirty (30) days of final judgment. 28 U.S.C. § 2412(d)(1)(B).

## B. "Final Judgment" Requirement

■ "The question of whether the plaintiff is entitled to attorney fees can only be decided after resolving the issue of whether this court's remand was a 'final judgment' under the EAJA." *Ericksson v. Barnhart,* No. Civ. 300CV2221AHNHBF, 2006 WL 798938, at *3 (D.Conn. March 23, 2006). "The answer depends on what kind of remand the District Court contemplated." *Melkonyan v. Sullivan,* 501 U.S. 89, 97, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The EAJA defines "final judgment" as a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). The Supreme Court ruled that "a 'final judgment' for the purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by the court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan,* 501 U.S. at 96, 111 S.Ct. 2157. " 'Final judgment' in a social security case is 'final' only if the judgment completely determines a plaintiff's entitlement to benefits." *Olivero v. Barnhart,* No. Civ. 03CV1830 (JCH), 2006 WL 980562 at *2 (D.Conn. March 24, 2006) (citing *Altieri v. Sullivan,* 754 F.Supp. 34, 37 (S.D.N.Y. 1991)).

"Resolution of the question of finality in cases involving section 405(g) remands hinges on a court's characterization of the nature of the remand, the ultimate issue being whether the order is a 'sentence four' or a 'sentence six' remand." *Longey v. Sullivan,* 812 F.Supp. 453, 455–456 (D.Vt.1993). In *Sullivan v. Finkelstein,* 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), the United States Supreme Court identified two kinds of remand pursuant to 42 U.S.C. § 405(g): (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence. *Id.* at 97–98, 111 S.Ct. 2157 (citing *Finkelstein,* 496 U.S. at 623–629, 110 S.Ct. 2658).

"The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." *Id.* at 98, 111 S.Ct. 2157 (internal quotation marks omitted). "To remand under [this] provision, sentence four, the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim." *Jackson v. Chater,* 99 F.3d 1086, 1092 (11th Cir.1996). "Sentence four remands make a decision on the merits of the case and often vacate a Commissioner's order.... A court divests itself of jurisdiction following a sentence four remand.... Thus, ... a sentence four remand is treated as a final judgment for purposes of filing attorney fee applications under EAJA." *Olivero,* 2006 WL 980562, at *3.

On the other hand, "the sixth sentence of § 405(g), ..., describes an entirely different kind of remand." *Melkonyan v. Sullivan,* 501 U.S. at 98, 111 S.Ct. 2157 (citing *Finkelstein,* 496 U.S. at 626, 110 S.Ct. 2658).[1]

---

1. Sentence six of § 405(g) provides in full as follows:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remand-

The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.... The statute provides that following a sentence six remand, the Secretary must return to the district court to "file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based."

*Id.* at 98, 111 S.Ct. 2157 (citing 42 U.S.C. § 405(g)). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer,* 509 U.S. 292, 297 n. 2, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (internal citations omitted). A sentence six remand must show that the evidence is "new" and not merely cumulative of what is already in the record. *See Szubak v. Secretary of Health and Human Servs.,* 745 F.2d 831, 833 (3d Cir.1984).

█ In accordance with the foregoing, we will now examine the Magistrate Judge's findings in order to determine whether her recommendation to remand the case for further proceedings was made pursuant to sentence four or six of Section 405(g). In the case at hand, the Magistrate Judge made three findings justifying remand. One ground for remand was the ALJ's failure to provide clear and convincing reasons for rejecting the claimant's testimony. The Magistrate Judge recommended, thus, that the case be remanded to enable the ALJ to make a proper credibility determination. Second, the Magistrate found that the record was devoid of a residual functional capacity analysis by a physician or other expert. Thus, the ALJ erred "in assessing the claimant's residual functional capacity by ignoring medical evidence, substituting his judgment for that of medical professionals and improperly discounting the opinion of a treating physician." *See* Docket No. 14 at pages 15–16. Finally, the Magistrate Judge found as follows:

This Magistrate Judge considers the decision of the Commissioner lacks substantial evidence in support. *A remand on disability determinations is appropriate for the administrative agency to be able to consider new evidence when the new evidence would be material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.* New evidence meets the materiality requirement if it bears directly and substantially on the matter in dispute and there is a reasonable possibility that the new evidence would have changed the outcome. A remand is the proper remedy here because it would allow the Commissioner to fulfill his role of resolving conflicting evidence, a task which is not ours to perform.

*Id.* at pages 17–18 (emphasis ours).

After a comprehensive reading of the Report, we find that, although the lan-

---

ed, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

guage of the Magistrate Judge's R & R appears to indicate that the recommendation to remand is made pursuant to sentence six, the recommendation does not fit within either one of the two situations outlined in sentence six of Section 405(g). On the contrary, the Magistrate Judge's recommendation was based on her finding that the ALJ's conclusion was not supported by "substantial evidence." The so-called "new evidence" that the Magistrate Judge found should be incorporated into the ALJ's analysis was evidence that was erroneously disregarded, not evidence that was unavailable at the time the administrative decision was made because of claimant's failure or inability to produce it during the proceedings. Therefore, because "decisions not supported by 'substantial evidence' are sentence four remands," *Olivero*, 2006 WL 980562, at *3 (citing *Jackson*, 99 F.3d at 1092), we find that the Magistrate Judge's recommendation, which was adopted by this Court as an order, was a sentence four remand under 42 U.S.C. § 405(g). Accordingly, the sentence four judgment entered on August 21, 2006 (Docket No. 17) "fits squarely within the term 'final judgment' as used in § 2412(d)," *Shalala v. Schaefer*, 509 U.S. at 298, 113 S.Ct. 2625.

## C. "Prevailing Party" Requirement

■ A plaintiff is a "prevailing party" under the EAJA " 'if the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit.' " *Shalala v. Schaefer*, 509 U.S. at 302, 113 S.Ct. 2625 (*quoting Texas Teachers Ass'n v. Garland Independent School Dist.*, 489 U.S. 782, 791–792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). In this action, the Court set aside the ALJ's decision and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). In *Shalala v. Schaefer, supra,* the Supreme Court held that a plaintiff who obtains a sentence four judgment reversing the Secretary's denial of benefits and remanding the action for a rehearing is a "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. at 300–302, 113 S.Ct. 2625. Accordingly, we find that Plaintiff is the prevailing party under the EAJA in this action.

## D. "Lack of Substantial Justification" Requirement

■ To be "substantially justified," the United States must show that the position of the government is justified in substance or in the main, not justified to high degree; the action must be justified to a degree that could satisfy a reasonable person, and must have a reasonable basis in both law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). "It is the government's burden under EAJA to prove that its position was substantially justified." *United States v. True*, 250 F.3d 410, 419 n. 7 (6th Cir. 2001).

■ In the present case, the Magistrate found that the ALJ's conclusion was not supported by "substantial evidence" to the extent that he erred "in assessing the claimant's residual functional capacity by ignoring medical evidence, substituting his judgment for that of medical professionals and improperly discounting the opinion of a treating physician." *See* Docket No. 14 at pages 15–16. Furthermore, the Magistrate Judge found that a more thorough analysis of Plaintiff's residual capacity was warranted. In addition, by failing to file a memorandum in opposition to Plaintiff's Motion for Attorney Fees, defendant has failed to carry his burden of showing that his position was "substantially justified." *See Jones v. Commissioner of Social Sec.*, No. 1:05cv789, 2007 WL 1362776, at *2 (S.D.Ohio May 08, 2007). For the forego-

ing reasons, we now find that the Commissioner's position in this matter was not substantially justified.

### E. Special Circumstances

After a careful review of the record, the Court finds no evidence suggesting that special circumstances bar a fee award here. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court now turns to an analysis of the amount of fees to which Plaintiff's counsel is entitled.

### F. Calculation of Award

■ "EAJA fees are determined ... by examining the time expended and the attorney's hourly rate, ..., capped in the mine run of cases at $125 per hour." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (internal citations and quotation marks omitted). However, a higher fee may be awarded if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "The Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." *Ballard v. Astrue*, 485 F.Supp.2d 290, 291 (W.D.N.Y. 2007) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "The Court has broad discretion to determine what amount of time is 'reasonably' expended." *Id.* (citing *Aston v. Secretary of Health and Human Servs.*, 808 F.2d 9, 11 (2d Cir.1986)).

Attorney Juan A. Hernández–Rivera seeks EAJA fees in the amount of $3,094.36, based on 21.5 hours of attorney time at rates ranging between $77.75 and $162.50. Here, Plaintiff's attorney only requests that the $125 per hour statutory figure be adjusted upward for inflation. He does not request that the cap be lifted based upon any "special factor." There being no objection from defendant, the Court concludes "that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA." *Jones*, 2007 WL 1362776, at *3.[2]

District courts in the Second Circuit have held that a routine Social Security case requires from twenty to forty hours of attorney time. *See, e.g., Scott v. Astrue*, 474 F.Supp.2d 465, 466 (W.D.N.Y.2007); *Cruz v. Apfel*, 48 F.Supp.2d 226, 230 (E.D.N.Y.1999); *Grey v. Chater*, No. 95 Civ. 8847, 1997 WL 12806, *1 (S.D.N.Y. Jan. 14, 1997). Here, Plaintiff's attorney seeks payment for 21.5 hours of work. After reviewing Attorney Hernández–Rivera's itemized statement of the actual time expended, we find the amount of time spent to be reasonable.

### III. CONCLUSION

For the reasons set forth more fully above, Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 18) is **GRANTED.** Accordingly, Plaintiff's counsel is entitled to compensation, to be paid by defendant, for the 21.5 hours expended at hourly rates ranging between $77.75 and $162.50, totaling **$3,094.36.**

**IT IS SO ORDERED.**

---

**2.** Courts typically adjust the EAJA's $125.00 hourly rate based upon increases in the consumer price index ("CPI"), and in the case at hand, Plaintiff's attorney supplied these calculations in his brief.